COMMONWEALTH *vs.* JEREMIAH DEARBORN.

At the trial of a complaint on the St. of 1869, c. 415, §§ 31, 36, for keeping intoxicating liquor on a certain day with intent to sell, evidence is admissible that the defendant stated, five months before, that he was the owner of the place where the liquor was found, as is also evidence that he was seen in the place during the five months.

At the trial of A. B. on a complaint on the St. of 1869, c. 415, §§ 31, 36, for keeping intoxicating liquors with intent to sell, cards taken from jugs which contained the liquors, bearing the names of the liquors and the words "A. B., dealer in liquors," are admissible in evidence.

At the trial of a complaint on the St. of 1869, c. 415, §§ 31, 36, for keeping intoxicating liquor on a certain day with intent to sell, evidence is admissible of sales of such liquor in the defendant's shop before that day, although they were not made in his presence.

At the trial of a complaint on the St. of 1869, c. 415, §§ 31, 36, for keeping intoxicating liquors in Boston with intent to sell, a witness testified that the defendant kept liquors at the "corner of H. and C. streets." *Held*, that the jury might find that H. and C. streets in Boston were intended.

At the trial of a complaint on the St. of 1869, c. 415, §§ 31, 36, for keeping intoxicating liquor in Boston on a certain day with intent to sell, state constables testified that on that day they seized a quantity of such liquor under a counter in a shop fitted up like a bar-room, on the corner of H. and C. streets, and having no sign; that the defendant was not then present, but J. S. was; that five months before the seizure the defendant admitted that he was proprietor of the shop; that they had seen sales of intoxicating liquor there before the seizure, although not in the defendant's presence; that they had seen him in the shop with his hat and coat off; and that on jugs of intoxicating liquors in the shop they found cards, which were produced, bearing the names of the liquors, and of the defendant and J. S. as liquor dealers. *Held*, that the evidence justified a verdict of guilty.

COMPLAINT on the St. of 1869, *c.* 415, § 31, to the municipal court of the city of Boston, for keeping intoxicating liquor on December 21, 1871, at Boston in the county of Suffolk, with intent to sell.

At the trial in the superior court on appeal, before *Brigham*, C. J., Frederick A. Marsh, a state constable, testified " that on December 21, 1871, he seized a quantity of whiskey, gin and cherry rum in a shop which was fitted up as bar-rooms usually are, at the corner of Hanover and Commercial Streets; that the liquors and the vessels in which they were contained were taken from under a counter; that the defendant was not present at the time, but a man named Tibbetts was present; and that there was no sign or name to indicate the owner or proprietor of the place and business." The witness was also allowed, against the defendant's objection, to testify that he had a conversation with the defendant in July 1871, in which the defendant admitted that he was proprietor of the place; that up to the early part of the winter of 1871–2 he had seen the defendant in the place a number of times, but not so often as before July 1871; and that he had seen a number of sales of liquor on the premises before December 21, 1871. Upon cross-examination, the witness testified that he never saw the defendant make any sale of liquor, or any person make one in his presence on the premises; and that subsequently to July 1871 he had seen the defendant in the place, with his hat off and in his shirt sleeves, but " doing no act of sale."

" Jewett Stodder, an officer, testified that he was present at the seizure on December 21; that among the vessels seized were two jugs, containing respectively gin and cherry rum; and that attached to the jugs were two cards, which he had since cut off. These cards, which were very dirty, and were stained and appeared to have been long printed, were offered in evidence by the Commonwealth, and read as follows : ' J. S. Dearborn & Co. dealers in ale, porter, lager·beer, wines, liquors and cigars, 513 Hanover Street, 425 Commercial Street. J. S. Dearborn. C. M. Tibbetts.' Upon the backs of both cards were the words, in writing, ' Jewett Stodder, December 21, 1871 ; ' and on one, in a different handwriting, ' Holland Gin,' and on the other, ' Cherry Rum.' The words ' Jewett Stodder, December 21, 1871,' were the writing of the witness, but it did not appear when they were written. The witness testified that the cards were as much stained, dirty and worn, when he took possession of them. The

defendant objected to the admission of the cards; but the judge admitted them."

The foregoing was all the evidence offered by the Commonwealth. The defendant introduced no evidence, but requested the judge to direct an acquittal, on the ground that there was no evidence that the place where the liquors were kept and seized was in Boston · that there was no sufficient evidence that the defendant was proprietor of the place, or owner, possessor or keeper of the liquors and vessels on December 21, 1871; and that the Commonwealth had failed to sustain the complaint. The judge refused the request; and the defendant was found guilty, and alleged exceptions.

*J. L. Eldridge*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. 1. The admission by the defendant in July 1871, that he was the proprietor of the shop in which the liquors were found on the day named in the complaint, was competent. It had some tendency to show that he was the proprietor of the shop on the day named in the complaint. *Commonwealth* v. *Hildreth*, 11 Gray, 327. For the same reason, the testimony that the defendant was seen in the shop, between July 1871 and the day named in the complaint, was competent.

2. The cards which were attached to jugs found in the shop were properly admitted in evidence. *Commonwealth* v. *Blood*, 11 Gray, 74. *Commonwealth* v. *Jennings*, 107 Mass. 488.

3. The evidence of sales of liquor prior to the day named in the complaint was competent. It tended to show the use to which the shop was put by the defendant, and thus to prove that the liquors therein found were kept with the intent to sell them in violation of law.

4. It was for the jury to decide whether the shop in which the liquors were found, described by the witnesses as being at " the corner of Hanover and Commercial Streets," was in the county of Suffolk. If from the circumstances of the case they were satisfied that the witnesses meant Hanover and Commercial Streets in Boston, the evidence justified a finding that the offence was committed in the county of Suffolk.

5. The objection that the government failed to prove the allegations of the complaint cannot be sustained. There was competent evidence upon all the issues involved. The question of its sufficiency was for the jury. *Exceptions overruled.*