COMMONWEALTH *vs.* JOHN D. CRONAN.

Worcester.    January 11, 1915. — March 4, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Practice, Criminal,* Exceptions.  *Intoxicating Liquors.  Evidence,* Competency,
     Admissions and confessions.

Upon exceptions alleged by a defendant convicted under R. L. c. 100, § 1, on a
     complaint for keeping intoxicating liquors with intent to sell them unlawfully,
     where at the trial the presiding judge properly had allowed the Commonwealth
     to show an unlawful transportation and delivery by the defendant of the in-
     toxicating liquors in question in a town in which licenses of the first five classes
     were not granted in violation of R. L. c. 100, § 49, as amended by St. 1912,
     c. 201, for the purpose of proving by this and other evidence a sale of the liquors
     by the defendant and consequently a keeping of them by him with intent to
     sell them unlawfully, a statement in the bill of exceptions, that "the case was
     prosecuted under section forty-nine of chapter one hundred of the Revised Laws
     as amended by chapter two hundred and one of the Acts of 1912," is only cor-
     rect in the sense that a violation of § 49 as amended constituted a part of the
     evidence and gives the defendant no right to base an argument on the conten-
     tion that he was convicted of a violation of that statute.
At the trial of a complaint under R. L. c. 100, § 1, for keeping intoxicating liquors
     with intent to sell them unlawfully, evidence that certain packages in the pos-
     session of the defendant were marked "Ale and Porter" is competent to show
     that the packages contained those liquors.
At the trial of a complaint under R. L. c. 100, § 1, for keeping intoxicating liquors
     with intent to sell them unlawfully, ale and porter by § 2 of the same chapter
     are to be deemed intoxicating liquors.
At the trial of a complaint under R. L. c. 100, § 1, for keeping intoxicating liquors
     in a certain town with intent to sell them unlawfully, where there was evidence
     that the defendant was engaged in carrying on a general express business under
     the name Interstate Express Company, and that the intoxicating liquors in
     question were shipped from Providence in the State of Rhode Island by a Provi-
     dence express company and were consigned to the Interstate Express Com-
     pany, a bill of lading issued by the shipper to the Providence express company,
     containing the names and addresses of four persons other than the defendant,
     opposite each of which were written in figures certain quantities of liquor, was
     admitted in evidence by the presiding judge as tending to show that the intoxicat-
     ing liquors were at the time of the alleged offence in the town in which they were
     alleged to have been kept with unlawful intent, the judge instructing the jury
     that the bill of lading by itself had no tendency to show that the liquors were
     in the possession of the defendant.  *Held,* that the bill of lading was admitted
     properly for the purpose to which it was limited.
In the same case a freight receipt for the intoxicating liquors in question signed
     "Interstate Express Co. by" certain initials was admitted in evidence.    There

was evidence that a person whose initials were signed to the receipt was an employee of the Interstate Express Company and took the packages of liquors from the Providence express company. *Held,* that this receipt, in connection with other evidence, was admissible to show that the liquors came into the possession and control of the defendant.

At the trial of a complaint under R. L. c. 100, § 1, for keeping intoxicating liquors in a certain town with intent to sell them unlawfully, the Commonwealth for the purpose of showing the defendant's unlawful intent sought to show that he had violated R. L. c. 100, § 49, as amended by St. 1912, c. 201, in regard to the transportation of intoxicating liquors in towns in which licenses of the first five classes were not granted. There was evidence that at the time of the alleged offence the defendant was engaged in carrying on a general express business and that while doing so he kept a book such as was required by the statutes last mentioned in case the town in question was a no-license town. This book, which was put in evidence, was marked with the name in which the defendant carried on the express business and certain pages material to the case were headed "Liquor shipments delivered at no-license cities and towns in Massachusetts." *Held,* that, although this evidence was not competent to prove directly that the town in question was a no-license town, because that could be proved directly only by a record of the vote of the town, yet the evidence was admissible as an admission by the defendant that the town in question was a no-license town and that he had delivered liquor there.

Upon a complaint under R. L. c. 100, § 1, for keeping intoxicating liquors in a certain town with intent to sell them unlawfully, evidence, which warranted a finding that the defendant in violation of R. L. c. 100, § 49, as amended by St. 1912, c. 201, made a delivery of the intoxicating liquors in the town in question which under the terms of that statute must be deemed to have been a sale, is evidence that he kept the liquors illegally.

CROSBY, J. The defendant was charged with keeping and exposing for sale in the town of Milford intoxicating liquors on June 24, 1914, and during the three months next before the making of the complaint, with intent unlawfully to sell the same.* The bill of exceptions recites that "The case was prosecuted under section forty-nine of chapter one hundred of the Revised Laws as amended by chapter two hundred and one of the Acts of 1912."

While the Commonwealth offered evidence tending to show a violation of R. L. c. 100, § 49, as amended by St. 1912, c. 201, still the complaint upon which the defendant was tried was for a violation of R. L. c. 100, § 1. The contention of the defendant that he was convicted of an offence in violation of § 49, as amended, cannot be sustained.

---

* The defendant was tried on this charge before *Sanderson,* J., who refused to order a verdict for the defendant. The defendant was convicted, and alleged exceptions, raising the questions that are stated in the opinion.

The presiding judge in his instructions to the jury carefully and repeatedly stated that the charge against the defendant was keeping intoxicating liquors with intent to sell the same, and after referring to St. 1912, c. 201, and reading it to the jury, pointed out that before a delivery of intoxicating liquors could be deemed to be a sale the delivery must be of such liquors as are referred to in the statutes, and by a person doing a general express business, and that the liquors must have been delivered either to a person other than the owner or consignee whose name is marked on the vessel or package, or to some other place than is marked thereon.

The evidence of a violation of the statute was allowed by the judge to be considered by the jury with the other evidence as evidence of a sale and so evidence of illegal keeping of intoxicating liquors, which was the offence charged. It was only in that sense that the case was prosecuted under R. L. c. 100, § 49, as amended.

The judge, after referring to violations of R. L. c. 100, § 49, as amended, by persons engaged in a general express business, said: "You ought, perhaps, at the outset of this case to understand clearly that you are not trying a man for conducting an illegal express business. . . . This is not a complaint of that kind. The complaint here is charging this defendant with keeping liquor with the intention of selling it, and so you ought to be sure that you have that in mind in considering all the evidence in the case and its bearing upon that allegation."

1. The receptacles which contained the liquors alleged by the Commonwealth to have been illegally kept by the defendant were marked "Ale and Porter." These markings were competent evidence for the jury as to their contents. *Commonwealth* v. *Blood,* 11 Gray, 74. *Commonwealth* v. *Jennings,* 107 Mass. 488. *Commonwealth* v. *Dearborn,* 109 Mass. 368. *Commonwealth* v. *Patten,* 151 Mass. 536. Ale and porter are deemed to be intoxicating liquors within the meaning of the statute. R. L. c. 100, § 2. The defendant's exception to the admission of the evidence as to the markings must be overruled.

2. There was evidence that the defendant was engaged in carrying on a general express business at the time of the alleged offence, under the name of the "Interstate Express Company." There was also evidence that the liquors in question were shipped from Providence, Rhode Island, to Milford, in this Commonwealth,

by the Electric Express Company and consigned to the Interstate Express Company. The bill of lading which was issued by the shipper to the Electric Express Company contained the names and addresses of four persons, opposite each of which were given certain quantities of liquor. The bill of lading was admitted in evidence subject to the defendant's exception.

We are of opinion that it was admissible. It was a necessary part of the Commonwealth's case to show that the intoxicating liquor alleged to have been illegally kept was in the town of Milford at the time alleged. The bill of lading was admissible as bearing upon that question, although this evidence of itself had no tendency to show that the liquor was in the possession of the defendant and the judge so instructed the jury.

So too the freight receipt purporting to be signed "Interstate Express Co. L. F. G." was admissible. There was evidence that one Larry Gillam was an employee of the Interstate Express Company and took these packages from the Electric Express Company and unloaded them upon the premises of the Interstate Express Company. This receipt, in connection with the other evidence, was admissible to show that the liquors came into the possession and control of the defendant. Besides, the defendant produced and offered in evidence in his cross-examination of one of the witnesses for the Commonwealth a book kept by the Interstate Express Company, which contained a record that could have been found to be a record of the liquors in question.

3. The defendant contends that there is no evidence that the town of Milford, in the year 1914, was a town in which licenses of the first five classes were not granted, and that therefore the defendant cannot be convicted for a violation of R. L. c. 100, § 49, as amended by St. 1912, c. 201. As we have seen, the defendant was not charged with a violation of these statutes, and was not convicted for such violation. There was evidence that at the time covered by the alleged offence the defendant was in the general express business, and so far as appears that evidence was not disputed at the trial. There was also evidence that during this time he kept a book such as was required by the statute, if Milford was a town where licenses of the first five classes had not been granted. The defendant offered in evidence this book at the trial. It was marked "Property of the Interstate Express Com-

pany." Photographic copies of the pages material to this case were made a part of the exceptions. These pages are entitled "Liquor shipments delivered at no-license cities and towns in Massachusetts." This was not evidence competent to prove that Milford was a no-license town. That fact can be proved as a matter of evidence only by the record of the vote. But this evidence was in the nature of an admission by the defendant that Milford was a no-license town. He, being in the general express business, was under no obligation to keep such a book if licenses of the first five classes had been granted there. This evidence in substance was an admission by the defendant that he had delivered liquor in the no-license town of Milford.

4. As the presiding judge submitted to the jury evidence of a violation of R. L. c. 100, § 49, as amended, it was a material issue whether there was any evidence sufficient to warrant a finding that there was such a violation. We are of opinion that there was such evidence and that the jury could have found that there was such a delivery of intoxicating liquors by the defendant's servants and agent as might be deemed to be a sale. If so, such sale would be evidence that the liquors were kept illegally.

There was evidence that the liquors were delivered to some one, although it was agreed that none of the persons whose names appeared upon the bill of lading ever ordered, saw or received the consignment written thereon. There was evidence that these deliveries were made by McAvoy and Reynolds to persons other than the owners or consignees whose names were marked by the seller or consignor on the packages, and that McAvoy and Reynolds were acting as agents for the defendant, by his authority and with his consent, while he was carrying on a general express business. If so, such a delivery would be deemed to be a sale under the statute.

5. Without reciting the evidence in any greater detail, we are of opinion that a verdict could not have been ordered for the defendant, but that the evidence of a violation by the defendant of R. L. c. 100, § 49, as amended by St. 1912, c. 201, together with the other evidence in the case, was properly submitted to the jury upon the issue whether the defendant kept intoxicating liquor with intent to sell the same unlawfully.

The instructions of the presiding judge seem to have carefully

guarded the rights of the defendant, and no error appears in the conduct of the trial.

The entry must be

*Exceptions overruled.*

The case was submitted on briefs.

*J. E. Swift & T. L. Walsh,* for the defendant.

*J. A. Stiles,* District Attorney, *& E. T. Esty,* Assistant District Attorney, for the Commonwealth.