416 F.2d 1242
 Forrest HOOD, Individually and as a Representative of the Class of Members of Teamsters Local Nos. 568, 667 and 878, Who Are Similarly Situated, Appellants,
v.
RED BALL MOTOR FREIGHT, INC., and Southern Conference of Teamsters, Appellees.
 No. 19558.
 United States Court of Appeals Eighth Circuit.
 October 3, 1969.
 
 David L. Hale, and H. Clay Robinson, Little Rock, Ark., for appellants.
 Fred O. Weldon, Jr., of Mullinax, Wells, Mauzy, Levy & Weldon, Dallas, Tex., for Southern Conference of Teamsters.
 No brief was submitted by Red Ball Motor Freight, Inc.
 Before VAN OOSTERHOUT, Chief Judge, and LAY and HEANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff sought a summary judgment in the United States District Court for the Eastern District of Arkansas against Red Ball Motor Freight, Inc. on behalf of himself and other truck drivers similarly situated who are members of local unions. The suit is based upon the June 1966 collective bargaining agreement entered into between Red Ball and the International Brotherhood of Teamsters. On April 6, 1966, Red Ball purchased Burks' Motor Freight Line, Inc. At the time of the sale the International Master Freight Agreement was in existence. This document reads in part as follows:
 
 
 2
 "If the transaction involved constitutes merely a purchase of permits or rights by one Carrier from another Carrier, without the purchase or acquisition of equipment, terminals, or business, the employees of the Company selling the permits shall have no seniority rights at all, but shall be offered opportunity for employment at the bottom of the seniority list of the Company purchasing the permits. If such employees are hired they shall be given seniority credit for fringe benefits only." Article 5, Section 3(3).
 
 
 3
 The agreement also provided that if a dispute arose which could not be resolved between the employer and the local union, then the grievance should be filed with the state or multiple state committee whose decision would be final.
 
 
 4
 On April 7, 1966, Red Ball hired Hood and other drivers formerly with Burks, and placed them on the bottom of their seniority lists. On May 11, 1966, Hood and others filed a grievance on the question of their seniority rights with the Southwest Joint Area Grievance Committee, the state committee. These grievances were Cases No. 59 and 62. In case No. 59 the Committee decided as follows:
 
 
 5
 "Based on evidence that Red Ball bought part of the business of Burks Motor Freight Line the road drivers who came over to Red Ball will move with full seniority and be dove-tailed into Red Ball road seniority list for all purposes."
 
 
 6
 The decision in Case No. 62 involving city, as opposed to line drivers, directed "Red Ball and the local union to determine the number of Burks' employees affected in the purchase and absorption of business."
 
 
 7
 On June 16, 1966, other former Red Ball drivers filed a grievance before the Committee protesting the "dove-tailed" seniority awarded to the Burks' drivers. Another hearing was held by the Grievance Committee and the Committee reversed itself. On February 21, 1968, Hood filed a complaint and a motion for a preliminary injunction with the district court. Hood alleged that Red Ball was bound by the May 11 decision and that it should be enjoined from breaching the collective bargaining contract. Red Ball answered inter alia that Hood lacked standing, that he had failed to exhaust the grievance procedure, that this was not a proper class action under Rule 23, Fed.R.Civ.P., and that indispensable parties were not joined. The Teamsters were allowed to intervene.
 
 
 8
 Hood moved for a summary judgment alleging the finality of Case No. 59 decided May 11, 1966. Red Ball and the Teamsters answered that the Committee properly reversed itself and further alleged that the May 11 decree was a nullity in that it was heard without proper notice and appearance of all interested parties.
 
 
 9
 The district court, the Honorable J. Smith Henley, denied the motion for summary judgment and dismissed plaintiff's complaint with prejudice. The district court assumed, without deciding, the standing issue in Hood's favor. It held the Committee's decision of June 16 to be correct and that the union, in the absence of bad faith, and the employer, by complying with the June decision of the Grievance Committee, did not violate the collective bargaining agreement.
 
 
 10
 The only ground alleged upon appeal is that the district court incorrectly construed the Grievance Committee decision of June 16, 1966, as reversing the decision of May 11. Hood now claims that Case No. 59, which dealt with "line drivers" was not reversed by the Grievance Committee but only Case No. 62, which dealt with "city drivers."
 
 
 11
 This issue was not raised in district court. Hood's theory there was that the May 11 proceeding was void. As the Teamsters urge here, an appellate court will not consider issues not raised in the district court. Peterson Produce Co. v. United States, 313 F.2d 609 (8 Cir. 1963). However, assuming an ambiguity existed in the June grievance decision, the normal procedure would be to remand the decision to the Committee for clarification. Hanford Atomic Metal Trades Council v. General Electric Co., 353 F.2d 302 (9 Cir. 1965). Notwithstanding these rules, we have examined the June 16, 1966, grievance findings and find no patent ambiguity. We hold that the district court was correct in all of its findings.
 
 
 12
 Judgment affirmed.