**UNITED STEELWORKERS OF AMERICA, AFL–CIO, Appellee,**

v.

**BUTLER MANUFACTURING COMPANY, Appellant.**

No. 20516.

United States Court of Appeals, Eighth Circuit.

April 2, 1971.

---

James P. Tierney, Terry W. Raney, Kansas City, Mo., for appellant; Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., of counsel.

James W. Shaffer, Joseph R. Hogsett, Sherman L. Gibson, Kansas City, Mo., for appellee.

Before MATTHES, Chief Judge and CLARK, Associate Justice *, and BRIGHT, Circuit Judge.

BRIGHT, Circuit Judge.

Plaintiff-appellee, United Steelworkers of America, AFL–CIO (the Union), brought this breach of contract action against the defendant-appellant, Butler Manufacturing Company (the Company), under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), seeking reimbursement on behalf of Company employees for their payment of October, 1965, premiums on group insurance. After a trial without a jury, the district court, Judge Collinson presiding, awarded the Union $16,212.79 as actual damages, plus interest, and an additional $5,250 to reimburse the Union for its attorneys' fees. The Company brings this timely appeal. We affirm the district court's decision.

The parties have stipulated the facts. On October 1, 1962, the Union and the Company executed collective bargaining contracts for the Company's plants located in Kansas City, Missouri, and Galesburg, Illinois. These agreements, which governed wages, hours and working conditions, expired on October 1, 1965, unless renewed pursuant to automatic renewal provisions contained in the agreements. Contemporaneously, but by a separate agreement, the Company provided for life, health and accident insurance benefits for employees through

---

group insurance purchased by the Company. This Group Insurance Agreement, while executed on October 1, 1962, did not become effective until one month later, on November 1, 1962. Its terms specified an expiration date of November 1, 1965, one month later than the expiration date of the general collective bargaining agreements.

During the summer of 1965, Union representatives advised the Company of the Union's intent to terminate the existing collective bargaining agreements as of October 1, 1965. In this notice, the Union representatives did not differentiate between the October 1 termination date of the general collective bargaining agreements and the November 1 termination date of the insurance agreement. After unsuccessfully bargaining for new contracts, the Union went on strike on October 1, 1965. The strike continued during the following month of October. On October 26, the Company notified its employees that the Group Insurance Agreement had terminated as of September 30 and that insurance coverage for each employee would lapse unless insurance premiums were paid by them. The employees, through their Union, paid the October premium and kept the insurance in force. The Union thereafter brought this action.

Notwithstanding the explicit provisions of the Group Insurance Agreement which encompassed a period including the month of October, 1965, the Company here, as in the district court, denies liability for payment of the October premium, contending: (1) that the Union breached a "no strike" clause of the Group Insurance Agreement by engaging in the strike during October, 1965; (2) that the parties mutually terminated the insurance agreement prior to October, 1965; or (3) that the employees engaged in an unlawful strike, thereby forfeiting their right to have the Company pay insurance premiums during the final month of the insurance contract. Additionally, appellant urges that the district court erred in assessing attorneys' fees against defendant as "ex-

emplary damages." In making these contentions, the Company relies principally upon the Union's contract termination notice, which stated that all agreement "shall terminate in accordance with [their] provisions as of October 1, 1965." According to the Company's theory, the Union, by stating that all collective bargaining agreements would terminate as of October 1, 1965, either breached the insurance agreement or agreed to its recision before its termination date.

 Judge Collinson, in a memorandum opinion, rejected these contentions. He said:

> The agreement provided that it should remain "in full force and effect without modification or change until November 1, 1965." This Court cannot find an intention to attempt to cancel or terminate one month early a three-year formal agreement of the parties because of the obvious erroneous recitation of the contract's termination date.

The district court further characterized the Company's defenses to the claim as showing "bad faith". The district court added:

> In view of these conclusions, the Court feels that it is only appropriate that an award of exemplary damages sufficient to cover the plaintiff's actual expenses and attorneys' fees in this proceeding would be appropriate under the remedial purpose of the labor laws.

 We adopt the district court's reasoning on the merits and on the basis of that opinion, we reject appellant's contentions. We think the facts here justify an award of attorneys' fees. Although the district court characterized this item as "exemplary damages", it awarded only an amount sufficient to cover plaintiff's actual expenses. Such an award is justified as compensatory, rather than punitive. See International Union of Dist. 50, United Mine Workers v. Bowman Transp., Inc., 421 F.2d 934 (5th Cir. 1970); cf. Local 127, United

Shoe Workers of America, A.F.L.–C.I.O. v. Brooks Shoe Mfg. Co., 298 F.2d 277 (3d Cir. 1962). We think the award of attorneys' fees to the successful party in a suit brought under § 301 of the Labor Management Relations Act constitutes an appropriate item of damage to be awarded by courts in the enforcement of national labor policy. See Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 456–457, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

Affirmed.

