**OIL, CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION, AFL–CIO and Oil, Chemical & Atomic Workers International Union, AFL–CIO, Local 1–128, Petitioners,**

v.

**UNION OIL COMPANY OF CALIFORNIA, Respondent.**

**No. CV 78–2045–WMB.**

United States District Court, C. D. California.

Aug. 4, 1978.

J. Gregory Mooney, Richard J. Cantrell, Cantrell & Green, Long Beach, Cal., for petitioners.

Andrew C. Peterson, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for respondent.

## ORDER

WM. MATTHEW BYRNE, Jr., District Judge.

Oil, Chemical & Atomic Workers International Union, AFL–CIO, and Oil, Chemical & Atomic Workers International Union, AFL–CIO, Local 1–128 [jointly hereinafter referred to as the "union"] filed this petition for an order directing arbitration. Respondent is the Union Oil Company of California [hereinafter the "company"]. This case is a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce and, therefore, this court has jurisdiction pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The petition to compel arbitration is brought pursuant to Section 4 of Title 9, United States Code.

This dispute arises from the discharge of two union members, Peter Ortiz and A. J. Herrera. The collective bargaining agreement entered into by the union and company provides for a grievance procedure. Petitioner used the grievance procedure to challenge the discharge of its two members but was unsuccessful and thereafter sought to take the dispute to arbitration.

Article VII of the collective bargaining agreement is entitled: "Grievance and Arbitration." Paragraph 2 of that article sets forth the grievance procedure. Paragraph 3 provides for arbitration. In pertinent part paragraph 3 provides:

"Upon notice by the Union in accordance with Paragraph 2–D above, the grievance shall be arbitrated as follows:

A. Within fourteen (14) calendar days after notice of election to arbitrate, each party shall designate one (1) member of a Board of Arbitration. If either party fails to designate an arbitrator as provided in this section, the arbitrator designated by the other party shall decide the dispute. The arbitrators selected shall meet and consider the grievance in an endeavor to solve the same. They shall have a period of thirty (30) calendar days after notice of election to arbitrate in which to resolve the dispute or, failing to resolve it, shall present the disagreement to the subsequent step of arbitration.

B. Upon notice being given by either arbitrator to the other in accordance with the preceding sentence, the arbitrators shall endeavor to agree on the selection of a third (3rd) arbitrator.

.    .    .    .    .

This step in the arbitration procedure shall be concluded within forty-five (45) calendar days after notice of election to arbitrate.

C. Within thirty (30) calendar days after selection of the third (3rd) arbitrator, the Board of Arbitration shall meet and consider the dispute. Within thirty (30) calendar days after the initial meeting, the Board of Arbitration shall issue its decision. . . . ."

By letter dated January 11, 1978, the union notified the company that the two discharges would be taken to arbitration, thus invoking paragraph 3A. Pursuant to that section the arbitrators designated by each side met on January 25, 1978. There was no resolution of the disagreement at that meeting.

In order to proceed to the next step of arbitration the collective bargaining agreement provides that one arbitrator must give notice to the other within thirty days from the date of the original arbitration notice. According to the company, the usual practice to indicate the election to proceed from step 3A. to 3B. is to send a letter to the American Arbitration Association requesting a panel of impartial arbitrators. In the present case such a letter was not sent until February 24, 1978, which was after the thirty day deadline had passed. Consequently, the company refused to arbitrate contending that the present dispute is not

arbitrable because the union did not adhere to the collective bargaining agreement which specifically sets forth which disputes are subject to arbitration.[1]

The union urges that the question whether the procedures of the collective agreement were followed is one for the arbitrator and not the court. It contends that the subject matter of this dispute is arbitrable and therefore any procedural issues are for the arbitrator to resolve.

In *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), the Supreme Court considered whether the arbitrator or the court was the proper body to consider a company's objections to arbitration based on the alleged failure of the union to abide by the procedures set forth in the collective bargaining agreement. The company contended that the union failed to abide by the three step procedure set forth in the collective bargaining agreement. The Court concluded that the question whether the procedural steps were complied with was a matter for the arbitrator, not the court, writing, in part:

"Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of parties to the contract or those covered by it."

.  .  .  .  .

"Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration."

.  .  .  .  .

"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitra-tion, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." 84 S.Ct. at 918.

The Ninth Circuit has applied the *John Wiley* doctrine. In *Bealmer v. Texaco, Inc.*, 427 F.2d 885 (9th Cir. 1970), *cert. den.* 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 185, the district court granted summary judgment to the defendant company in a suit by a union seeking to compel arbitration. The district court stated three reasons for its conclusion, one of which was the "petitioners' individual grievances with respect to their back pay claims are time-barred." *Id.* at 886. The Ninth Circuit reversed, holding that the time-bar ground, as well as the other two grounds, were issues to be determined by the arbitrator. The court wrote, in part:

"The district court did not hold for Texaco on the ground that the Article XII dispute was not an arbitrable issue under the collective bargaining agreement. Each of the reasons the court relied upon went to matters of procedure. Since the parties were obligated to submit this dispute to arbitration, it is the arbitrator, and not the court, who is to decide questions of procedure." *Id.* at 887.

*See, also, Local 12934 of International Union, District 50, U.M.W. v. Dow Corning Corp.*, 459 F.2d 221 (6th Cir. 1972); *Tobacco Wkrs. Int. Union and Local 317 v. Lorillard Corporation*, 448 F.2d 949 (4th Cir. 1971); *Amalgamated Clothing Workers v. Ironall Factories Company*, 386 F.2d 586 (6th Cir. 1967).

The company cites no authority for the proposition that the collective bargaining agreement in the present case is somehow different than that in *John Wiley* and its progeny and that the timing procedures in the present case rise to the level of substance rather than procedure.

1. In addition to the claim that the union's notice to proceed from step 3A. to 3B. was not timely, the company also contends that the union did not comply with the forty-five day time limit for the completion of step 3B.

The subject matter of this dispute—the discharge of two union member, company employees—is clearly arbitrable. The company's only argument for refusing to proceed to the next step of arbitration is that the union did not timely notify the company as required by the collective bargaining agreement. Regardless of the characterization which the company gives its argument, a claim of lack of compliance with the arbitration procedure is an issue for the arbitrator and not the court.

Since this court concludes that the question whether the union complied with the notice requirements of the collective bargaining agreement is for the arbitrator and not the court, it need not determine whether the notice to proceed to the next step of arbitration was timely.

The union also seeks an award of attorneys' fees claiming that the company's position is without merit or justification. There is no statutory authority for the award of attorneys' fees in this type of case, but the union cites some cases in which attorneys' fees have been awarded. *See International Association of Machinists v. Texas Steel Co.*, 538 F.2d 1116 (5th Cir. 1976); *International Union of District 50, U.M.W. v. Bowman Transportation, Inc.*, 421 F.2d 934 (5th Cir. 1970); *United Steelworkers of America v. Butler Manufacturing Co.*, 439 F.2d 1110 (8th Cir. 1971).

Even if this court has authority to award attorneys' fees it concludes that such an award is not appropriate in the present case. The company's position, though not persuasive, is not meritless.

Accordingly,

IT IS HEREBY ORDERED that the petition for an order directing arbitration is granted.

IT IS FURTHER ORDERED that petitioners' request for an award of attorneys' fees is denied.