**Mitchell G. KING, Jr., Plaintiff,**

v.

**Milton GREENBLATT, Leslie Taylor, Charles W. Gaughan, Defendants.**

Civ. A. No. 72–788–W.

United States District Court, D. Massachusetts.

April 23, 1980.

John H. Henn, Joan Moskowitz, Foley, Hoag & Eliot, Boston, Mass., for plaintiff.

Stephen Schultz, Asst. Atty. Gen., Boston, Mass., for defendants.

## OPINION

WYZANSKI, Senior District Judge.

April 9, 1980 counsel for Mitchell G. King, Jr. presented to the clerk of this court a motion to be filed in C.A. 72–788, a closed case. The motion prayed that "defendants or their successors-in-office be held in contempt for failure to comply with this Court's Order of October 29, 1974 (reinstated February 17, 1977)."

Despite the fact that C.A. 72–788 was a closed case, the clerk accepted the motion for filing in that case, and I set it for hearing on April 22, 1980. We are not informed whether King's counsel served his motion upon anyone. But the clerk gave notice of the motion to the Attorney General of the Commonwealth who had represented the defendants Greenblatt, Taylor, and Gaughan in the closed C.A. 72–788.

The proper procedure would have been for King to have filed a petition or complaint seeking an adjudication of civil or criminal contempt or both. Then the clerk should have given this matter a new civil action or criminal action number because, although this court's jurisdiction is dependent on its judgment in C.A. 72–788, the contempt proceeding is a matter separate [1] from, and may involve parties different from C.A. 72–788.

However, since a representative of the Attorney General of Massachusetts appeared at the April 22 hearing and, instead of making objection to the improper procedure, presented a brief and argument as though this motion were a complaint seeking an adjudication that Greenblatt, Taylor, and Gaughan were in civil contempt, we shall overlook the procedural irregularities.

King's counsel offered in support of his "motion" no evidence other than his declaration that he accepted the factual statements in the Attorney General's brief as true. Whereupon the court received that brief as Exhibit 1. From that exhibit and other uncontested admissions, these appear to be the facts.

In Civil Action No. 72–788 plaintiff brought against Commissioner Greenblatt of the Massachusetts Department of Mental Health, Conviction Officer Leslie Taylor, and Superintendent Charles Gaughan of the Department of Correction a complaint, based on 42 U.S.C. § 1983, challenging various practices at the Bridgewater Treatment Center for Sexually Dangerous Persons. This court in 1974 entered two consent decrees, and (in accordance with an earlier order) on February 17, 1977 entered an order that defendants Greenblatt, Taylor, and Gaughan pay counsel fees of $4,000 to plaintiff's attorney, John H. Hehn, Esquire.

---

1. We are not unmindful that *Hodgson v. Hotard*, 436 F.2d 1110, 1114 (5th Cir. 1971) states that "the filing of a civil contempt proceeding is not the institution of an independent proceeding but is part of the original cause." Neither of the two cases cited as authority for that statement supports it. Indeed, one of them, *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949) is an authority against the statement, for there "The Wage and Hour Administrator instituted in the District Court a civil contempt proceeding against respondents, alleging violations of a decree . . . ." *Ibid.*, p. 188, and p. 189, 69 S.Ct. p. 498 (last full sentence). On principle, it is clear that once a case is closed, there must be a new proceeding if there is involved something more than an amendment of the judgment.

The Court of Appeals for the First Circuit affirmed that order (*King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977)), and the Supreme Court denied certiorari, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978).

On August 8, 1978 plaintiff's counsel obtained an execution for $5,209, an amount which included the original $4,000 award of attorney's fees plus interest up to August 8, 1978. February 4, 1980 the Department of Corrections paid plaintiff $2,605 leaving a balance of $2,604.

The legislature of the Commonwealth of Massachusetts has not made to any department an appropriation of funds to pay the $2,604 balance, much less interest thereon.

Neither the Department of Corrections nor the Department of Public Health has the power independently to expend funds for which no appropriation has been made. However, where no appropriation has been made, a department may seek to secure the approval by the Chairmen of the Senate and House Ways Committees of an expenditure from "funds within supplemental and deficiency budgets."

With the approval of the Department of Administration and Finance, the Department of Mental Health has already applied to the aforesaid Senate and House Chairmen for $4,000 to cover the remaining $2,604 plus interest. The Attorney General has reason to believe that within a few weeks the two Chairmen will take favorable action.

Upon the basis of the foregoing facts, we consider (1) upon whom rests the obligation to pay the unpaid balance of the $4,000 award of attorney's fees, (2) whether the obligation is enforceable by a civil contempt proceeding, (3) whether the motion properly named Greenblatt, Taylor, and Gaughan as defendants, and (4) whether any of them is in contempt.

■ 1. There is no doubt that the form of this court's February 17, 1977 order imposed liability upon defendants Greenblatt, Taylor, and Gaughan personally. The proper form would have been to make the award against each of those three defendants in their official capacity. *See Hutto v. Finney*, 437 U.S. 678, 692, n. 19, 98 S.Ct. 2565, 2575 n. 19, 57 L.Ed.2d 522 (1978). The appropriate course is for this court to disregard the formal error, and not to require that the February 17, 1977 order be amended to correct the mistake. *Ibid.*, pp. 692–693, 700, 98 S.Ct. pp. 2575, 2579. Regardless of the formal inaccuracy, the legal effect of the order was to impose an obligation upon each defendant, not personally but in his official capacity, to pay the award out of the legally available funds, if any, of the Massachusetts Departments of Correction and of Mental Health, and if there were inadequate available funds, the effect of the order was to impose upon the Commonwealth of Massachusetts, even though it was not named as a party, an obligation to pay the unpaid amount. *Ibid.*, p. 700, 98 S.Ct. p. 2579.

■ 2. To enforce the usual judgment for the payment of money the ordinary process is a writ of execution. Fed.R. Civ.Pr. 69(a), not a proceeding for contempt. *Governor Clinton Co. v. Knott*, 120 F.2d 149, 153 (2nd Cir. 1941); 7 Moore's Federal Rules of Civil Procedure ¶ 69.03[2]. But if a judgment for the payment of money represents a sum payable because of a defendant's failure to perform a public obligation imposed by a statute, then in order to have "the most effective sanction" for the court's judgment, it is permissible to vindicate the public policy embodied in the statute by instituting a proceeding for civil or criminal contempt. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 194, 69 S.Ct. 497, 501, 93 L.Ed. 599 (1949); *Hodgson v. Hotard*, 436 F.2d 1110, 1114 (5th Cir. 1971); *Usery v. Fisher*, 565 F.2d 137, 140 (10th 1977). See Frankfurter, J., concurring *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 413, 414, 80 S.Ct. 441, 449, 4 L.Ed.2d 400 (1960). That principle permits plaintiff King to institute a civil contempt proceeding to collect money due his attorney under a judgment to pay attorneys' fees allowed pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

■ 3. It was proper for plaintiff's "motion" to name as defendants Taylor and Gaughan because not only they were named in the judgment but also they were then and are now officers of the Department of Correction. But it was improper for plaintiff's "motion" to name as a defendant Milton Greenblatt because, as plaintiff's counsel admitted at our bar, Greenblatt is not *now* an officer of that or any other department of the Commonwealth. Today he has no power to control the funds of any Massachusetts agency, so he cannot be liable at any rate for *civil* contempt. It is immaterial if he has personal funds adequate to pay the judgment, for he is not personally liable to pay the award. *Hutto v. Finney, supra*, 437 U.S. p. 692, n. 21, 693, 98 S.Ct. p. 2575 n. 21.

■ 4. Although plaintiff's "motion" properly named as defendants Taylor and Gaughan it appeared from the argument at our bar first, that they do not control any official funds which could now be used to pay the judgment and second, that they have done all they could to get the Massachusetts legislature to appropriate funds to pay the judgment or to authorize a department to pay it. Hence we conclude that they cannot be held in contempt for failure of their agencies and of the Commonwealth to pay the award. "Ordinarily, one charged with contempt of court for failure to comply with a court order makes a complete defense by proving that he is unable to comply." *United States v. Bryan*, 339 U.S. 323, 330, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950).

We need not decide whether in view of the fact that the Commonwealth itself, though not named as a party to the judgment, is ultimately liable to pay the award, *see Hutto v. Finney, supra*, 437 U.S. at p. 700, 98 S.Ct. at p. 2578–2579, there are in the executive or legislative branches of the Commonwealth some persons against whom King could appropriately institute a civil contempt proceeding. Nor need we decide whether, if named as a defendant in an independent complaint or petition, the Commonwealth itself could properly be held in civil contempt and subjected to a coercive fine.

*Motion denied.*