**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 2022, Plaintiff,**

v.

**TELETYPE CORPORATION LITTLE ROCK, ARKANSAS, Defendant.**

**No. LR–C–81–333.**

United States District Court, E.D. Arkansas, W.D.

Dec. 3, 1982.

that, "In any event, these facts do not . . . establish New York as an equally plausible situs of the claim." 521 F.Supp. at 506.

Melva Harmon, Lavey & Harmon, Little Rock, Ark., for plaintiff.

Bill S. Clark, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

ROY, District Judge.

Pending before the Court are motions for summary judgment which have been filed by both the plaintiff and the defendant. The parties have agreed to waive their right to a trial and have advised the Court that all of the issues pending may be decided on the briefs which have been filed in connection with the motions for summary judgment. The facts leading up to the instant dispute have been stipulated by the parties to be as follows:

Plaintiff International Brotherhood of Electrical Workers Local Union No. 2022 is a labor organization having its principal offices and place of business in Little Rock, Arkansas; it represents employees in an industry affecting commerce within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. §§ 151 et seq.

Defendant Teletype Corporation is a Delaware corporation registered to do business in Arkansas with its general office and place of business located at 8000 Interstate Highway 30, Little Rock, Arkansas. Teletype Corporation is an industry affecting commerce within the meaning of the National Labor Relations Act.

On August 13, 1977, plaintiff and defendant entered into a collective bargaining agreement effective August 7, 1977, through August 9, 1980, covering a bargaining unit composed of all hourly-rated production and maintenance employees at the Little Rock, Arkansas, plant of Teletype Corporation, excluding office clerical employees, plant clerical employees, professional employees, watchmen, guards and supervisors as defined in Section 2(11) of the amended National Labor Relations Act, 29 U.S.C. § 152. (A copy of this contract is attached as Exhibit A to the complaint.)

Article 10 of the collective bargaining agreement provides for the filing of grievances by an employee or union representative over issues of wages, hours of work or other terms and conditions of employment.

Article 11 of the collective bargaining agreement provides that any dispute arising between the company and the union with respect to the interpretation of any provision of the contract or the performance of any obligation arising under the contract may be referred to arbitration.

The collective bargaining agreement provides in Article 11, paragraph 7, that the decision of the arbitration, if made in compliance with Article 11, paragraph 6, shall be final and binding upon the parties.

Pursuant to the collective bargaining agreement, P. Dean Speer and numerous other employees filed a grievance on March 27, 1978, which defendant denied, and thereafter plaintiff and defendant agreed to select Arbitrator David H. Brown of Sherman, Texas, to arbitrate the grievance.

The March 27, 1978, grievance provides as follows:

"The union and P. Dean Speer (E # 3282) contend that they have been grieved, treated unjustly, and discriminated against, and that the Company is in violation of the contract, Article 28, Movement of Personnel, Article 14, Job Grades; and any other applicable Article on Agreement, whether written or verbal, that may apply, in that the Company transferred and/or hired Bernie P. Mazu (E # 5351) and placed him in a Trades Group 2 Technician classification over other senior qualified employees.

"The union demands that the most senior qualified employee be upgraded to a TG–2 Technician, that he receive backpay from the date of the move, and that the company stop bringing in outside people and placing them in jobs over employees already on the rolls at Teletype—Little Rock."

On November 1, 1979, an arbitration hearing was conducted over the above-referenced grievance before Arbitrator David H. Brown in Little Rock, Arkansas. On April 11, 1980, Arbitrator Brown issued an arbitration award in which he sustained plaintiff's grievance, as outlined in his award of that date, stating in pertinent part:

"Mr. Speer's grievance is sustained. The Company shall compensate Grievant for loss of earnings and move him to the disputed position forthwith."

The company compensated the grievant Phyllis Dean Speer for lost earnings and promoted him to a TG–2 technician; but commencing on or about May 2, 1980, and continuing to date, the defendant has not removed Bernie Mazu as a TG–2 technician.

Pursuant to F.S. Clawson's request on May 20, 1980, Edward King, president of IBEW Local 2022, wrote F.S. Clawson, bargaining agent for Teletype Corporation, to confirm a prior conversation that processing of all grievances at the bargaining agent's level and thus moving to that level would be stayed through the duration of contract negotiations.

On July 29, 1980, grievance 0686 was filed in writing by the union which provides in full:

"The Union and other employees contend that they have been grieved, treated unequally, treated unjustly, discriminated against, and that the Company is in violation of the Arbitrator's ruling in that a vacancy has been created for B. Mazu. "The Union demands that all qualified employees be upgraded and paid backpay from the date the move was made, and that they be made whole."

The union has attempted to process this grievance concerning refusal to remove Bernie Mazu as a TG–2 technician to arbitration. On October 27, 1980, union vice-president Donley wrote F.S. Clawson, company bargaining agent, over the signature of E.A. King, requesting an appointment on the bargaining agent's level to discuss grievance 0686.

On or about March 18, 1981, F.S. Clawson replied to the union's letter of October 27, 1980, by stating that grievance 0686 was not timely. Clawson thereafter refused to

meet and discuss the grievance at the bargaining agent level.

Thereafter on March 23, 1981, E.A. King replied to the March 18, 1981, letter of F.S. Clawson. By letter dated April 10, 1981, F.S. Clawson wrote E.A. King stating that the company had fully complied with the arbitration award and that the matter was closed.

Thereafter on April 14, 1981, E.A. King again wrote F.S. Clawson demanding that the company comply with the arbitration award of David H. Brown dated April 11, 1980, or alternatively that the company arbitrate grievance 0686 pursuant to the collective bargaining agreement including any collateral procedural issues alleged by the defendant.

By letter dated May 1, 1981, F.S. Clawson again wrote E.A. King contending that the company had fully complied with the arbitrator's award and that grievance 0686 was filed outside the time restrictions of Articles 10 and 28 of the collective bargaining agreement. Clawson refused to arbitrate grievance 0686.

Thereafter on June 1, 1981, the union filed the complaint in this case pursuant to Section 301 of the National Labor Relations Act, 29 U.S.C. § 185.

This concludes the parties' stipulation.

In its motion for summary judgment the plaintiff seeks one of three alternate forms of relief: (1) that the Court find that Arbitrator Brown's April 11, 1980, award unambiguously mandates the removal of Bernie Mazu from his present position as a TG–2 technician; (2) that the Court find that the award is ambiguous and remand the case to Arbitrator Brown for a hearing on the issue of whether Mazu should be removed; or (3) that the Court require the defendant to arbitrate the merits of grievance 0686 together with the underlying procedural issue of whether the grievance was timely filed.

In its motion for summary judgment and in its response to the plaintiff's motion, the defendant contends that the union's interpretation of Arbitrator Brown's award as a matter of law exceeds both the demand set forth in the grievance and the issue as framed and submitted by the parties to the arbitrator. Further, the defendant alleges that as a matter of law it has no contractual obligation to arbitrate grievance 0686.

■ Initially the Court finds that the wording of the plaintiff's initial grievance herein and the wording of the issue as framed by Arbitrator Brown do not restrict the potential remedies which the arbitrator could have fashioned. Unless the collective bargaining agreement or submission agreement clearly limits the remedial power of an arbitrator, he has the power to impose any appropriate remedy so long as he has jurisdiction of the subject matter. The U.S. Supreme Court noted the wide latitude accorded to arbitrators in *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960):

> "When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency."

In the instant case, Article 11, Section 6, of the collective bargaining agreement defines the arbitrator's authority and contains no restrictions on the remedial power of the arbitrator.

Thus the Court finds that the defendant's contention that Arbitrator Brown was limited by the phraseology of the grievance and the issue is not well taken. Consequently, the arbitrator could have directed that Bernie Mazu be downgraded as part of the remedy. This, however, he did not do.

■ It is not within the scope of this Court's review to pass upon the merits of a grievance or an arbitrator's decision. *Vulcan-Hart Corp. v. Stove, Furnace & Allied Appliance Workers Int'l. Union Local 110,*

671 F.2d 1182 (8th Cir.1982); *Rainbow Glass Co. v. Local Union No. 610,* 663 F.2d 814 (8th Cir.1981); *Aircraft Mechanics Fraternal Ass'n. v. Ozark Air Lines, Inc.,* 597 F.2d 1155 (8th Cir.1979); *Kewanee Machinery Division v. Local Union No. 21,* 593 F.2d 314 (8th Cir.1979). The arbitrator's decision in the instant case, to wit, that P. Dean Speer be compensated for lost wages and moved to the disputed position is not on its face ambiguous. The Court is therefore without authority to remand the award to Arbitrator Brown for clarification. *Bell Aerospace Co. Div. of Textron v. Local 516, International Union, etc.,* 500 F.2d 921 (2d Cir. 1974); *Hood v. Red Ball Motor Freight, Inc.,* 416 F.2d 1242 (8th Cir.1969).

Although it might be said that the award in the instant case contains latent ambiguities, such is not a sufficient basis for remand "since the resultant judicial scrutiny would invade the province of the arbitration in contravention of our national labor policy." *United Papermakers & Paperworkers v. Westvaco Corp.,* 461 F.Supp. 1022, 1024 (W.D.Va.1978), citing *United Steelworkers of America v. Enterprise Wheel and Car Corp., supra.* Thus the Court finds that remand of the initial grievance is not appropriate in this case.

With respect to the final issue raised by the parties, namely grievance 0686, it is the plaintiff union's contention that the company created a second vacant position especially for Mazu after it lost the arbitration conducted before David H. Brown. Article 28 of the collective bargaining agreement provides for the movement of personnel and the filling of job vacancies. The union contends that the company did not comply with the provisions of Article 28, paragraph 1.5 in particular which provides:

"1.5. If the Union objects to any move made in accordance with the provisions of this article, this matter may, if presented within ten (10) days after the effective date of such move, be processed in accordance with ARTICLE 10, GRIEVANCE PROCEDURE, and ARTICLE 11, ARBITRATION, provided that in any case the authority of the arbitrator shall be limited to a determination as to whether the Company's judgment has been unreasonably exercised."

It is the company's contention that the union did not protest within ten days of the promotion of Speer on May 2, 1980. The company's argument therefore raises an issue of "procedural arbitrability" under the collective bargaining agreement. The law in this area is well settled that any procedural defense such as that raised by defendant Teletype Corporation in this case is for an arbitrator to resolve, not for a court.

In *John Wiley and Sons, Inc., v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), the Supreme Court considered a union's suit to compel arbitration under a collective bargaining agreement where the company had resisted arbitration, contending among other issues that the union had failed to follow the steps of the grievance procedure. The decision provides in pertinent part:

"Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration.

\* \* \* \* \* \*

"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. Even under a contrary rule, a court could deny arbitration only if it could confidently be said not only that a claim was strictly 'procedural' and therefore within the purview of the court, but also that it should operate to bar arbitration altogether, and not merely limit or qualify an arbitral award. In view of the policies favoring arbitration and the parties' adoption of arbitration as the preferred means of settling disputes, such cases are

likely to be rare indeed." 376 U.S. at 557–558, 84 S.Ct. at 918.

Further, in *International Union of Operating Engineers Local 150 v. Flair Builders, Inc.,* 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972), the Supreme Court held that a clause in a collective bargaining agreement which provided for arbitration of any difference between the parties required submission to the arbitrators of a contention that laches barred arbitration. The Court found that the timeliness of a demand was an arbitrable issue. The Eighth Circuit also has addressed the issue of whether a union's alleged failure to complete step 2 of the grievance procedure barred arbitration in *National Rejectors Industries v. United Steelworkers of America,* 562 F.2d 1069, 1077 (8th Cir.1977). The decision provides in pertinent part:

"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.

\* \* \* \* \* \*

"We think it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disputes but as aspects of the dispute which called the grievance procedure into play."

Quoting *John Wiley and Söns v. Livingston,* 376 U.S. at 557, 559, 84 S.Ct. at 918, 919.

Applying the principles cited above to the facts of the present case, the Court finds that grievance 0686 creates an arbitrable dispute under Article 28 of the collective bargaining agreement as paragraph 1.5 specifically states that such issues are subject to arbitration. Any underlying dispute of whether the grievance was timely would also be a procedural dispute which the arbitrator should decide. There was then no justification for the company to refuse to arbitrate the grievance. The Court thus hereby requires the company to arbitrate the merits of grievance 0686 together with the underlying procedural issue of whether the grievance was timely filed.

Finally, the plaintiff has requested that attorneys' fees be awarded. An award of attorneys' fees in a suit under Section 301 of the Act (29 U.S.C. § 185) is justified as compensatory rather than punitive and constitutes an appropriate item of damages to be awarded by courts in enforcement of the national labor policy. *United Steelworkers v. Butler Manufacturing Company,* 439 F.2d 1110, 1112 (8th Cir.1971). See, also, *General Drivers and Helpers Union, Local 554, v. Young & Hay Transportation Co.,* 522 F.2d 562, 568 (8th Cir.1974), in which the court's decision provides:

"There remains the issue of attorneys fees. The District Court awarded attorneys fees to the Union as it found that Young was without justification in refusing to abide by the Committee's decision and was acting contrary to the national labor policy of submitting labor disputes to final and binding arbitration. An award of attorneys fees 'in a suit brought under § 301 of the Labor Management Relations Act constitutes an appropriate item of damages to be awarded by courts in the enforcement of national labor policy,' *United Steelworkers of Amer. v. Butler Manufacturing Co.,* 439 F.2d 1110, 1113 (8th Cir.1971) and should be considered as compensatory rather than as punitive. The question of awarding attorneys fees is generally considered to be within the sound discretion of the trial court. *Local U. No. 4, Int. Bro. of E.W. v. Radio Thirteen-Eighty, Inc.,* 469 F.2d 610 (8th Cir.1972)."

In the instant case, Teletype Corporation is a large national corporation experienced in labor relations matters. Because the law has been long settled that questions of procedural arbitrability are to be decided by an arbitrator, the company's refusal to proceed to arbitration with grievance 0686 because the company considered it untimely is without justification and made in bad faith. As early as March 23, 1981, and certainly by April 14, 1981, the union demanded that the timeliness issue be sub-

mitted to an arbitrator for resolution; however, the company refused. Therefore, an award of attorneys' fees in this case is hereby found to be warranted.