UNITED STATES of America, Plaintiff,

Freda Brown, Jennifer Brown by her next friend Freda Brown, Evin Brown by his next friend Freda Brown, The Metropolitan Milwaukee Fair Housing Council, Inc., Freddie Holland, Kevin Tate, Greg Thompson, Richard Strode, Johnnie Kimble, and Charles Collins, Plaintiff–Intervenors,

Edna Barnett, Theresa Barnett, and Drexella Ward, Plaintiff–Intervenors,

v.

GRITZ BROTHERS PARTNERSHIP d/b/a Gritzmacher Realty, Dennis Gritzmacher, and Harold Gritzmacher, Defendants.

No. 93–C–283.

United States District Court, E.D. Wisconsin.

Oct. 11, 1994.

James P. Turner, Acting Asst. Atty. Gen., and Isabelle M. Thabault and Diane L. Houk, Housing and Civ. Enforcement Section, Dept. of Justice, Washington, DC, for plaintiff.

Michael, Best & Friedrich by Gary A. Ahrens, Milwaukee, WI, for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The United States commenced this action on March 22, 1993, against Gritz Brothers Partnership d/b/a Gritzmacher Realty, Dennis Gritzmacher and Harold Gritzmacher [collectively, "the defendants"], to enforce Title VIII of the Civil Rights Act of 1968 [the "Fair Housing Act"], as amended by 42 U.S.C. § 3601 et seq. All issues in this case have been resolved except for the Brown intervenors' motion for an order to show cause why defendants Dennis and Harold Gritzmacher should not be held in contempt of court.

## I. BACKGROUND

Subsequent to the filing of the government's complaint, three different sets of plaintiff-intervenors filed complaints in intervention. On October 13, 1993, the defendants settled completely with two of the three sets of plaintiff-intervenors. The remaining set of plaintiff-intervenors also settled with the defendants on October 13, 1993, except for a dispute over attorney's fees and costs, which this court has since resolved. *See United States of America, et al. v. Gritz Brothers Partnership, et al.,* No. 93–C–283 (March 7, 1994).

Pursuant to the March 7, 1994, decision and order, the defendants were required to pay the Brown intervenors $11,000 in attorney's fees and $210.96 in costs within 45 days of the entry of the March 7, 1994, order. Instead of making the payments, defendants Dennis and Harold Gritzmacher ["Gritzmachers"], on April 21, 1994, filed a motion for an enlargement of time, in which they requested additional time to comply with the court's March 7, 1994, order.

In their motion for an enlargement of time, the Gritzmachers asked the court to allow them to forego payment of the attorney's fees awarded under the March 7, 1994, decision and order until the date of approval of a plan for reorganization of the Gritz Brothers Partnership, which filed for bankruptcy protection on April 15, 1994. The Gritzmachers submitted affidavits in support of their motion for an enlargement of time in which they assert that "their sole source of moneys to pay the attorney's fees" was their draw from the Gritz Brothers Partnership. As a result of the bankruptcy filing by the partnership, the Gritzmachers allege that they will have no moneys to pay the attorney's fees until a plan of reorganization for the partnership is approved by the bankruptcy court.

In response, the Brown intervenors filed a motion entitled:

Brown intervenors' motion for an order to show cause why defendants Dennis Gritzmacher and Harold Gritzmacher should not be held in contempt of court.

In their motion, the Brown intervenors request that the Gritzmachers be required to show cause why they should not be held in contempt of court for their failure to pay the attorney's fees and costs pursuant to the court's March 7, 1994, decision and order.

The Brown intervenors contend that in addition to the Gritz Brothers Partnership, the Gritzmachers have numerous other sources of income. Therefore, the intervenors assert, the Gritzmachers' motion for an enlargement of time should be denied, and the Gritzmachers should be ordered to show cause why they should not be held in contempt.

The Gritzmachers did not file a response to the Brown intervenors' motion. A response should have been filed within 21 days of service of the motion pursuant to Local Rule 6.01(b). By letter dated June 15, 1994, the court allowed the Gritzmachers additional time to file a response to the Brown intervenors' motion. However, the Gritzmachers have not filed any response, other than a statement contained in a July 1, 1994, letter to the court that their financial position existed long before their bankruptcy filing. The Gritzmachers assert that they believe that "this adequately addresses the contempt motion."

A consent order was subsequently entered on September 23, 1994. As part of the consent order, the parties agreed that judgment would be entered against the three named defendants, in favor of the plaintiff-intervenor Freda Brown, in the amount of $11,210.96, pursuant to the court's March 7, 1994, decision and order. Judgment was so entered on September 26, 1994. Therefore, that portion of the Brown intervenors' motion which requests the entry of judgment in their favor in the amount of $11,210.96, pursuant to the court's March 7, 1994, decision and order, is moot.

Nevertheless, the consent order did not resolve the Brown intervenors' motion for a finding of civil contempt. In their contempt motion, the Brown intervenors also requested that this court order the Gritzmachers to pay $1,425, plus interest, pursuant to the stipulation and order dated October 13, 1993. The intervenors expressed uncertainty as to whether the October 13th stipulation and order could be enforced through contempt proceedings; in a letter dated August 15, 1994, the intervenors request only a judgment for the amount awarded to the intervenors in the March 7, 1994, decision and order. Nevertheless, in the interest of completeness, the court will address the intervenors' request for an order requiring the Gritzmachers, upon a finding of contempt, to pay the amount owing pursuant to the October 13, 1993, stipulation and order.

## II. ANALYSIS

### A. October 13, 1993, stipulation and order

The amount awarded in the October 13, 1993, stipulation and order was entered as a judgment, pursuant to the terms of the stipulation and order. The stipulation and order specifically states that "[a] money judgment shall be entered" as to the amount awarded to the Brown intervenors, and judgment was so entered. Therefore, the intervenors' argument that the monetary obligation arising from the October 13, 1993, stipulation and order was imposed only as part of an order of the court is without merit. That portion of the intervenors' motion which seeks an order of the court requiring the Gritzmachers to pay in full their monetary obligations under the October 13, 1993, stipulation and order is essentially an attempt to enforce a money judgment through this contempt proceeding.

Pursuant to Rule 69(a), Federal Rules of Civil Procedure, "process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." While the "unless" clause appears to provide courts with means other than execution to satisfy a money judgment, such means should be used only in situations in which execution is an inadequate remedy.

*See Robbins v. Labor Transportation Corp.,* 599 F.Supp. 705, 707 (N.D.Ill.1984). The Brown intervenors have not provided the court with any evidence that enforcement of the judgment through a writ of execution is an inadequate remedy. Therefore, the intervenors will not be permitted to seek enforcement of the judgment through the institution of a contempt proceeding.

The intervenors argue that the nature of the remedy obtained in this case indicates "that this remedy is enforceable through contempt proceedings." The intervenors cite *Robbins* for the proposition that where a money judgment represents a sum payable because of a defendant's failure to perform a public obligation imposed by statute, it is permissible to vindicate the public policy embodied in the statute through the institution of a contempt proceeding. In my opinion, the public policy embodied in the fair housing statutes has already been adequately vindicated through the relief obtained by the plaintiffs in this action. Therefore, I see no reason to permit the intervenors to enforce their judgment through the institution of a contempt proceeding when the judgment can be adequately enforced through the use of a writ of execution.

## B. March 7, 1994, decision and order

 The purpose of a civil contempt proceeding is either enforcement of a prior court order, or compensation for losses suffered as a result of non-compliance with that order. *Commodity Futures Trading Comm'n v. Premex, Inc.,* 655 F.2d 779, 785 (7th Cir.1981) (citing *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949)). To hold a party in contempt, the court must be able to point to an order which sets forth a clearly articulated command which the contemnor has violated. *Stotler and Co. v. Able,* 870 F.2d 1158, 1163, 1378 (7th Cir.1989). In addition, the party seeking a finding of contempt must prove by clear and convincing evidence that the order was violated. *Id.* The court may find a party in contempt if such party was not reasonably diligent in attempting to accomplish what was ordered. *American*

*Fletcher Mortgage Co. v. Bass,* 688 F.2d 513, 517 (7th Cir.1982).

 The Gritzmachers failed to comply with the court's March 7, 1994, decision and order, as they did not pay the attorney's fees and costs within the time period required by the order. However, the defendants have since agreed to the entry of judgment in the amount awarded to the intervenors by the court's March 7, 1994, decision and order. Thus, the contempt proceeding in this case is not an effort to enforce a prior court order, rather it is an effort to obtain remuneration for the intervenors' efforts to enforce compliance with the court's March 7 decision and order. As such, the intervenors are in essence seeking to sanction the Gritzmachers for their noncompliance.

 Although the Gritzmachers did not pay the attorney's fees within the time period required by the court's March 7th order, they did file a motion for an enlargement of time within which to pay the attorney's fees. A defendant's motion for a modification of the order with which he has failed to comply is conduct which militates against a finding of contempt. *See Robbins,* 599 F.Supp. at 709.

The intervenors assert that the Gritzmachers' purported reason for seeking an enlargement of time is spurious. They claim that the Gritzmachers' statements in the affidavits accompanying their motion for an enlargement of time expressly contradict statements they made during a deposition taken in this case. Specifically, the intervenors assert that, in response to questions propounded to them during the deposition, both Dennis and Harold Gritzmacher averred that they received no draw from the partnership.

 A district court's decision on a contempt petition is discretionary. *Stotler and Co.,* 870 F.2d at 1163. The Gritzmachers' statements in their affidavits accompanying their motion for an enlargement of time are certainly dubious in light of their previous testimony during the course of the depositions taken in this case. Failure to comply with orders of the court will not be taken lightly. However, in light of the fact that the Gritzmachers subsequently agreed to the entry of judgment against them for the amount

that they were required to pay under the March 7, 1994, decision and order, I decline to grant the intervenors' request for a finding of contempt.

## ORDER

Therefore, IT IS ORDERED that the Brown intervenors' motion for an order to show cause why defendants Harold and Dennis Gritzmacher should not be held in contempt of court be and hereby is denied, without costs.