### HENRY C. BURNHAM *vs.* CYRUS H. BEAL & trustee.

A trial justice who has received from the county treasurer money for fees taxed and allowed to an officer for the service of warrants and other criminal processes, without authority from the officer, is not chargeable by reason thereof in a trustee process against the officer.

TRUSTEE PROCESS. In the superior court, the trustee was charged on his answer, and appealed to this court. The facts are stated in the opinion.

*J. W. Bacon,* for the trustee.

*T. C. Hurd,* for the plaintiff.

HOAR, J. It appears from the answer of the person summoned as trustee that he has not any goods, effects or credits of the principal defendant in his hands or possession, except a sum of money which he has received in his capacity of trial justice, from the county treasurer, and which consists of fees due to the said defendant for the service of warrants and other criminal processes by him as a constable. His answer alleges that he has received this money in his official capacity; but upon examining the statutes we do not find any provision of law which entitles him to receive it from the county treasurer.

By Gen. Sts. *c.* 176, § 17, each county treasurer is directed to " pay over to the persons entitled thereto all sums taxed for costs in criminal prosecutions." By § 6 of the same chapter, the justice is allowed and directed to receive and pay out the costs only when a person convicted before him, and sentenced to pay the costs of prosecution, complies with the sentence.

There is undoubtedly a very general and convenient practice by which trial justices are accustomed to receive from county treasurers the costs in cases which have come before them, for distribution to the persons in whose favor the costs are taxed. The *St.* of 1847, *c.* 274, § 1, seems to recognize the practice, by directing the justice to account for all such fees which he has not paid over. But there is no corresponding provision in the General Statutes : *c.* 120, §§ 57, 58, apparently referring only to the

Burnham *v.* Beal & trustee.

cases in which costs have been originally received by the justices, and which have not been paid to the county treasurers. The *St.* of 1860, *c.* 191, § 8, may perhaps have a more general application. But this can hardly be material to the decision of the present case; because, if the fees in the hands of the supposed trustee were paid to him under sanction of law, in his official capacity, he could not be held as trustee, for the reasons stated in *Williams* v. *Boardman,* 9 Allen, 570; and because by express provision of the statute, no one is chargeable as trustee " by reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer." Gen. Sts. *c.* 142, § 31. And on the other hand, if the alleged trustee received the fees from the county treasurer without authority of law, then, as there is no averment or proof that the principal defendant ever authorized the justice to receive them as his agent, the justice in receiving them was merely the agent of the treasurer; is accountable to him and bound to return them unless he has paid them to the defendant; and the claim of the defendant to receive them from the treasurer would not be impaired or affected by the delivery to the justice, or by the trustee process. If the justice should become insolvent without paying, it would be difficult to find an answer to the right of the defendant to call upon the county treasurer. One person cannot be substituted for another as the debtor of a third without the consent of the creditor. If the defendant had requested or directed the payment to be made to the trial justice, payment to him would have been a payment to the defendant, which would have discharged the county treasurer. In that case the defendant's right to the fund would have been matter of private contract between him and the trustee.

Whether the defendant could maintain a suit for the money is not a decisive test in the case. His calling on the trustee for payment, and bringing the suit, might be a ratification of the unauthorized act of receiving it by the trustee.

*Trustee discharged.*