ELEANOR G. GALDSTON *vs.* EUGENE F. McCARTHY.

Suffolk. April 4, 1938. — December 29, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Evidence*, Inference. *Equity Jurisdiction*, Equitable replevin.

Evidence, at the hearing of a suit in equity by a woman against her former husband for specific redelivery of chattels, that two years before the hearing he had taken and concealed the property, with the fact that he left the hearing without testifying, warranted a finding that he still retained the property.

BILL IN EQUITY, filed in the Superior Court on June 3, 1936.

The suit was referred to a master on May 5, 1937. He notified counsel of his draft report on June 11, 1937, and his report was filed in court on July 1, 1937. A final decree for the plaintiff was entered by order of *Williams, J.* The defendant appealed.

*C. C. McCarthy,* (*E. L. Bernstein* with him,) for the plaintiff.

*S. Y. Levovsky,* for the defendant.

LUMMUS, J. The parties were once husband and wife, but were divorced on January 28, 1936. The plaintiff owned many articles of furniture and of household use and adornment, which are the subject of this bill. Many of them were antiques, impossible to replace with articles sufficiently similar to leave no room for reasonable preference. Only a few of the articles could be replaced in the market. Even those had acquired by association and use a peculiar value to the plaintiff. While the parties were living together as husband and wife the defendant took and secreted all the articles, so that the plaintiff cannot locate them for the purpose of replevin. The bill, which was brought after the divorce, is for specific redelivery. There was no demurrer, and the answer did not set up the sufficiency of a remedy at law. *Baker* v. *Langley,* 247 Mass. 127, 132. *Carleton*

& *Hovey Co.* v. *Burns,* 285 Mass. 479, 486.  *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 609.  The facts stated appear in the report of a master, which was confirmed.  The defendant appealed from a final decree ordering redelivery to the plaintiff.

We need not consider whether the bill, were it not maintainable as one of equitable replevin, under G. L. (Ter. Ed.) c. 214, § 3 (1), could be maintained as a bill for the specific delivery of chattels having a peculiar value.  *Somerset* v. *Cookson,* 3 P. Wms. 390.  *Burr* v. *Bloomsburg,* 101 N. J. Eq. 615.  See also *Patterson* v. *Patterson,* 197 Mass. 112, 117; *Novick* v. *Novick,* 299 Mass. 15.  The only point argued by the defendant is, that the finding by the master that the defendant took the property between April 25 and May 31, 1935, did not warrant the inference evidently drawn by the judge in entering the final decree on December 1, 1937, that the defendant still had it, even though the defendant left the hearing before the master at a time when he knew that he was about to be called as a witness, did not testify, and was not seen afterwards by the master or the plaintiff.  We think that the case falls within the familiar rule that a state of things once proved to exist may generally be found to continue.  *Parkhurst* v. *Ketchum,* 6 Allen, 406, 408.  *Chicopee* v. *Whately,* 6 Allen, 508.  *Commonwealth* v. *Billings,* 97 Mass. 405.  *Thayer* v. *Thayer,* 101 Mass. 111, 113.  *Commonwealth* v. *Dearborn,* 109 Mass. 368, 370.  *Hinckley* v. *Merchants' National Bank,* 131 Mass. 147, 150.  *Commonwealth* v. *Finnerty,* 148 Mass. 162, 166.  *Callan* v. *Callan,* 280 Mass. 37, 41.  *Lazarus* v. *Phelps,* 156 U. S. 202.  Wigmore, Evidence, (2d ed.) §§ 382, 437.

*Decree affirmed with costs.*