William GABOVITCH et al.,
Plaintiffs, Appellants,

v.

Maurice A. LUNDY et al., Defendants,
Appellees.

No. 78–1202.

United States Court of Appeals,
First Circuit.

Submitted Sept. 7, 1978.

Decided Sept. 29, 1978.

William Gabovitch, Boston, Mass., on brief, for plaintiffs, appellants.

Thomas V. Urmy, Jr. and Warner & Stackpole, Boston, Mass., on brief, for Taunton Co-Operative Bank, defendant, appellee.

Ben D. Lewis, Lewis & Lewis, Taunton, Mass., Z. Hershel Smith, and Smith & Smith, Providence, R. I., on brief, for Maurice A. Lundy et al., defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant obtained a money judgment against Maurice A. Lundy in U. S. District Court for the District of Rhode Island. Pursuant to 28 U.S.C. § 1963, appellant registered the judgment in the district of Massachusetts. Appellant then obtained a writ of execution from the clerk for the district. The writ was returned on May 5, 1976, certifying a levy on appellee Taunton Co-Operative Bank in the amount of $3000, representing Lundy's deposits in the bank.

The bank ignored appellant's numerous demands that it pay over the $3000. On February 24, 1978, appellant petitioned the district court for the district of Massachusetts for an order to show cause why the bank had not honored the writ and for an order holding the bank in contempt. Appellant claimed that F.R.C.P. 70 empowered the district court to take such action in aid of the judgment.

The district court properly held that the equitable remedies provided for by Rule 70 can be directed only toward parties against whom a judgment has been entered.[1] The court went on to hold that it could not grant any relief based upon the 1976 writ. Petitioner's failure to comply with state procedure in attaching a bank account, as required by F.R.C.P. 69(a), made the writ ineffective.[2] Appellant now appeals from so much of the district court's order as held the 1976 writ to be ineffective against the bank. We affirm.

Appellant advances the novel argument that Rule 69(a) makes state law applicable to procedures in aid of execution but not to the mere issuance of process, i. e., the issuance of the writ. Relying upon this distinction, appellant argues further that the writ of execution created a lien upon the bank account independent of the requirements of state law, a lien that can be reduced to possession by levy and seizure at appellant's convenience.

At first blush, appellant's argument appears plausible. The language of the Rule provides, in pertinent part: "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution . . . shall be in accordance with the practice and procedure of the state in which the district court is held . . . ." Unfortunately for appellant, the legislative history and judicial application of Rule 69(a) make clear that the first sentence of

---

1. Moreover, equitable remedies, even those permitted by Rule 70, are seldom appropriate aids to execution of a money judgment. F.R. C.P. 69(a); see 7 J. Moore, Federal Practice ¶ 69.03[2].

2. Rule 69(a) reads:

"(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule.

First, Rule 69(a) represents the drafters' adoption of prior practice under former 28 U.S.C. § 727, Rev.Stat. § 916. *United States v. Yazell,* 382 U.S. 341, 355, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966); *see* 1937 Notes of Advisory Committee on Rules, *reprinted in,* 7 J. Moore, Federal Practice ¶ 69.01[2]. Section 916 left no room for doubt about the propriety and effect of federal writs of execution. "Section 916 prohibit[ed] the courts of the United States from adopting, recognizing, or giving effect to any form of execution, except such as was . . . a writ authorized by the laws of the state." *Custer v. McCutcheon,* 283 U.S. 514, 517–18, 51 S.Ct. 530, 531, 75 L.Ed. 737 (1931). Thus, the overall intent of Rule 69(a) is to limit both the procedure for obtaining process and the effect of writs to that available under state law.

■ Second, the first sentence of Rule 69(a) does not affect this rule that state remedies are exclusive. Section 916 applied only to common-law causes of action. *Id.* at 515, 51 S.Ct. 530. But Equity Rule 8 restricted remedies on purely monetary equitable judgments to those provided for legal causes. *Hamilton v. MacDonald,* 503 F.2d 1138, 1148 (9th Cir. 1974); *see* 7 J. Moore, *supra* at ¶ 69.03[2]. Equity Rule 8 is the source of the first sentence of Rule 69(a). 7 J. Moore, *supra* at 69–10. Thus, the purpose of the first sentence of Rule 69(a) is to restrict remedies on money judgments to legal process and to avoid broad invocation of in personam relief, except where established principles warrant equitable relief. *Id.*

■ Finally, the courts have consistently read Rule 69(a) as limiting all federal process on money judgments to the type of process available under state law. This court held in *First National Bank of Boston v. Antonio Santisteban & Co., Inc.,* 285 F.2d 855 (1st Cir. 1961), that a federal writ of execution did not reach unearned wages of a Puerto Rican judgment debtor because Puerto Rican law gave no effect to such a writ. *See Traveler's Insurance Co. v. Lawrence,* 509 F.2d 83, 86–88 (9th Cir. 1974) (Rule 69 makes availability and effect of federal process subject to state law); *United States ex rel. Marcus v. Lord Elec. Co.,* 43 F.Supp. 12 (W.D.Pa.1942) (bank deposits affected by writ of execution because state law so provides). Thus, we have no difficulty concluding that the writ of execution issued by the clerk had no effect. Under Massachusetts law, attachment of bank accounts takes place by trustee process. Mass.Gen.Laws Ann. ch. 246. Attachment on trustee process requires court approval. Mass.Rules Civ.Proc. 4.2(c). Because a writ issued solely on the authority of a court clerk has no effect on a bank account under Massachusetts law, it has no effect under Rule 69(a).[3]

■ We note in closing that appellant supplements his arguments on Rule 69(a) with claims that the district court's declaration that the 1976 writ was ineffective was either dictum or a deprivation of the right to a hearing on the issue. We cannot agree. Appellant sought equitable assistance in realizing on a writ of execution. Such assistance is sometimes available against third parties, despite the general limitation in

---

**3.** Although the forms of the process would, of course, be federal, the essential elements of state procedure for obtaining the writ must be followed. Mass.Gen.Laws Ann. ch. 246 § 5 and Mass.Rules Civ.Proc. 4.2(a) provide for trustee process to attach the "credits" of a defendant. Receipt of a trustee summons notifies a bank of attachment of a depositor's credits. Mass.Gen. Laws Ann. ch. 246 § 20; Mass.Rules Civ.Proc. 4.2(b). But a trustee summons cannot issue without a prior court approval of the attachment. Mass.Rules Civ.Proc. 4.2(c). Under the same rule, the attachment usually will not be approved without a prior adversary hearing. Once the trustee process issues, the trustee must answer specifying the property subjected to the attachment. Mass.Gen.Laws Ann. ch. 246 § 10. If the court then adjudges the bank to be a trustee, it must pay over to the creditor or be subject to a trustee writ of execution. Mass.Gen.Laws Ann. ch. 246 § 45. Because appellant failed to obtain court approval of his process, it could not be effective to attach the property held by the bank.

Rule 70 that it be directed toward parties in the original lawsuit. *See* 7 J. Moore, *supra* at ¶ 69.03[2]. Thus, the petition put the validity of the writ in issue, and the district court properly based denial of the petition upon the ineffectiveness of the writ against the bank.

*Affirmed.*