USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 95-1270 AETNA CASUALTY & SURETY CO. Plaintiff, Appellee, v. JACK MARKARIAN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Stahl and Lynch, Circuit Judges, ______________ and O'Toole, District Judge.* ______________ ____________________ Kenneth R. Berman, with whom Rhonda B. Parker and Sherin & Lodgen __________________ ________________ _______________ LLP were on brief, for appellant. ___ David S. Douglas, with whom Howard S. Veisz, Gregg Kanter and _________________ ________________ ____________ Kornstein, Veisz & Wexler LLP, and Glenda Ganem and McGovern, Hug, ______________________________ ____________ _______________ Welch & Ganem LLP were on brief, for appellee. _________________ ____________________ June 4, 1997 ____________________  ____________________ *Of the District of Massachusetts, sitting by designation. LYNCH, Circuit Judge. Jack Markarian, against whom LYNCH, Circuit Judge. _____________ appellee Aetna Casualty and Surety Company has a civil judgment, appeals from the entry of a writ of ne exeat _________ against him. The writ, which is essentially a form of equitable bail, was issued ex parte in the District of Massachusetts in February 1995. It prohibits Markarian, an American citizen who is employed and lives with his family in Massachusetts, from leaving the state or removing any of his assets from the state without the court's permission. The writ required Markarian to surrender his passport to a United States Marshal, and violation of its terms is punishable by detention in a federal facility. Markarian raises federal statutory and constitutional objections to the issuance of the writ. We vacate the writ without reaching the constitutional issues, although they are not frivolous. The writ of ne exeat, ________ governed by Fed. R. Civ. P. 69 and Mass. R. Civ. P. 4.3(c), is not available as a tool in an ordinary civil collection action like this. It may only issue in furtherance of "a judgment or order requiring the performance of an act, the neglect or refusal to perform which would be punishable by the court as a contempt." Mass. R. Civ. P. 4.3(c). The All Writs Act, 28 U.S.C. 1651, does not negate this state requirement for issuance of the writ. I. The facts of the underlying civil action brought by Aetna against Markarian are of little importance to the present appeal. Suffice it to say that Aetna was the victim of a fraudulent autobody insurance claim scheme, and that Markarian along with some relatives and the companies they controlled were the perpetrators of the scheme. A e t n a brought suit in federal district court in Massachusetts, asserting claims under civil RICO, Massachusetts common law, and the Massachusetts deceptive trade practices statute. A jury found in Aetna's favor on most of the claims in the complaint, and in November 1993 the district court entered judgment holding Markarian and his 22 co-defendants jointly and severally liable for over $6 million. Markarian and some of the defendants were also found individually liable for over $1.5 million under Mass. Gen. Laws Ch. 93A. This court affirmed the judgment in December 1994. Aetna Cas. & Sur. __________________ Co. v. P & B Autobody, 43 F.3d 1546 (1st Cir. 1994). ___ ______________ Judgment in hand, Aetna sought to identify and seize assets. It commenced a supplementary process proceeding in federal court under Fed. R. Civ. P. 69 and Mass. Gen. Laws Ch. 224, 14 seeking an order transferring ownership of Markarian's non-exempt assets. Aetna also filed an ex parte application for the writ of ne exeat and _________ supported it with an affidavit stating that Markarian and -3- 3 his co-defendants were secreting assets to render them immune to supplementary process. The district court issued the writ of ne exeat in ________ February 1995, finding that Markarian and his co-defendants had been moving assets out of the jurisdiction as part of an effort to prevent enforcement of the judgment and that there was a strong likelihood that they would continue to do so. The district court also found that there was an immediate likelihood that the co-defendants would depart the jurisdiction or the United States. In March 1995, Markarian appealed from the writ and filed a suggestion of bankruptcy. The bankruptcy filing resulted in an automatic stay of the supplementary process proceedings, see 11 U.S.C. 362(a), and later in March, ___ Markarian moved this court to stay the appeal from the writ.1 This court issued an order holding the appeal in abeyance and directing counsel to report back after the decision from the bankruptcy court. Markarian then moved to vacate the writ before the bankruptcy court, which denied the motion without prejudice in November 1995 and referred Markarian back to the district court. See In re Jack Markarian, No. 95-40961 ___ ______________________ (Bankr. D. Mass. Nov. 20, 1995).  ____________________ 1. The writ does not appear to fall within the terms of the Automatic Stay provision of the Bankruptcy Code, see 11 ___ U.S.C. 362, and thus the writ and the appeal from the writ were not stayed automatically by the bankruptcy filing. -4- 4 The district court in March 1996 denied Markarian's motion to vacate the writ, stating that it lacked jurisdiction over the matter. Markarian moved for clarification of this ruling. While that motion was pending, in July 1996, the bankruptcy court ruled that Markarian's debts to Aetna were not dischargeable because they arose out of fraud. See In re Jack Markarian, No. 95-40961 (Bankr. D. ___ ____________________ Mass. Jul. 31, 1996). However, the bankruptcy court deemed the issue close enough to stay the order of non- dischargeability and certify the case to the First Circuit Bankruptcy Appellate Panel, where it is now pending. In October 1996, the district court, ruling on Markarian's motion for clarification of the refusal to vacate the writ of ne exeat, denied the motion "on the merits" without opinion ________ or findings. This appeal followed. II. Aetna argues that there is no appellate jurisdiction, saying the writ is no more than an interlocutory order to preserve assets until its separate supplementary process proceedings against Markarian are completed.2 We disagree. At issue is not a supplementary process order but a writ of ne exeat: Aetna's motion papers ________ and the order issuing the writ make no reference to  ____________________ 2. The supplementary process proceedings cannot resume until the conclusion of the bankruptcy proceedings unless the stay is lifted. -5- 5 supplementary process, and the writ, by its terms, does not expire with the termination of the supplementary process proceedings. The writ is effectively an injunction over which this court has jurisdiction pursuant to 28 U.S.C. 1292(a). See United States v. Shaheen, 445 F.2d 6, 7 (7th ___ _____________ _______ Cir. 1971). We also note Markarian's argument that issuance of the writ was an error of law, and thus the writ may well be an appealable collateral order. See id. at 7 n.2. ___ ___ III. Where a money judgment has been entered in federal court, enforcement of the judgment is governed by Fed. R. Civ. P. 69, which provides that the procedures to be used are those of the state in which the district court sits, unless there is an applicable federal statute. Aetna availed itself of state process, seeking a writ of ne exeat. ________ Massachusetts procedure permits issuance of the writ only in support of an order punishable by the court as a contempt. See Mass. R. Civ. P. 4.3(c). A money judgment is ___ not such an order.3 "[T]he writ of ne exeat has never been ________ issued in aid of legal, as distinguished from equitable, process, or for the purpose of obtaining security from a  ____________________ 3. The Massachusetts supplementary process statute, however, provides that violation of a supplementary process order may be punishable as a contempt. See Mass. Gen. Laws Ch. 224,  ___ 16. We do not reach the question of whether the writ may be used after a supplementary process order has been issued and there has been a violation. That is not the case here. -6- 6 defendant in at action of law." Moore v. Valda, 23 N.E. _____ _____ 1102, 1103 (Mass. 1890) (per curiam). "[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." Combs v. Ryan's Coal Co., 785 F.2d 970, 980 (11th Cir. 1996); _____ _______________ see also Shuffler v. Heritage Bank, 720 F.2d 1141, 1147-48 ________ ________ ______________ (9th Cir. 1983). It follows that the issuance of the writ was error. See Gabovitch v. Lundy, 584 F.2d 559, 560 (1st ___ _________ _____ Cir. 1978) (failure to comply with state procedure invalidated writ of execution). These are not mere formalisms. The writ of ne __ exeat is an ancient writ. It hearkens back to the days when _____ debtors were imprisoned for failure to pay their debts. The writ is itself a form of civil arrest. Caselaw on the writ has narrowed its use to situations resulting from equitable debt rather than debts recoverable at law. See 65 C.J.S. Ne ___ __ Exeat 4, at 396 (1966). The Massachusetts rule is _____ similarly circumscribed. Indeed, the Reporter's Notes to the Massachusetts rule providing for the writ of ne exeat express concern about ________ the constitutionality of the writ, even circumscribed as it is. The Massachusetts courts, recognizing that the writ operates in restraint of personal liberties, have held that the writ "is to be granted with caution" and "is to be -7- 7 continued in force with caution." Cohen v. Cohen, 64 N.E.2d _____ _____ 689, 693 (Mass. 1946). Aetna's motion for a writ of ne exeat finds no _________ ground on which to rest. Rule 69 does not provide that ground independently, because it directs that "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution . . . shall be in accordance with the practice and procedure of the state in which the district court is held . . . ." The "otherwise" clause is narrowly construed. See Combs, 785 F.2d at 980. It does not ___ _____ authorize enforcement of a civil money judgment by methods other than a writ of execution, except where "well established principles [so] warrant." 13 J. Moore, Moore's Federal Practice 69.02, at 69-5 to -7 (3d ed. 1997); see ___ also Hilao v. Estate of Marcos, 95 F.3d 848, 854 (9th Cir. ____ _____ ________________ 1996).4  ____________________ 4. One such situation is where an action for contempt has been instituted for failure to pay an obligation imposed by statute in order to enforce the public policies embodied in the statutory scheme. See, e.g., McComb v. Jacksonville _________ ______ ____________ Paper Co., 336 U.S. 187, 193-95 (1949). Another is where _________ there has been a congressional determination to provide the government with the ability to seek a writ of ne exeat in _________ furtherance of enforcing tax obligations. See, e.g., 26 _________ U.S.C. 7402(a). A third is where the judgment is against a state which refuses to appropriate funds through the normal process provided by state law. See, e.g., Spain v. __________ _____ Mountanos, 690 F.2d 742, 744-45 (9th Cir. 1982); Gary W. v. _________ ________ Louisiana, 622 F.2d 804, 806 (5th Cir. 1980). In contrast, _________ the size of the award and the difficulties in enforcing the judgment due to the location of the assets and the -8- 8 This court has held that "the legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule." Gabovitch, _________ 584 F.2d at 560-61. The state remedy is the exclusive route here. See id. at 561. ___ ___ Aetna also points to the All Writs Act, 28 U.S.C.  1651, but does not develop its argument. The point is not well taken. The All Writs Act "does not authorize [federal courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Pennsylvania Bureau of Correction v. United __________________________________ ______ States Marshals Serv., 474 U.S. 34, 43 (1985). Where, as _____________________ here, there is a statutory procedure which "specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. ___ Indeed, there is every reason not to reach to find the All Writs Act applicable where "the courts have consistently read Rule 69(a) as limiting all federal process on money judgments  ____________________ uncooperativeness of the judgment debtor are not the types of extraordinary circumstances which warrant departure from the general rule that money judgments are enforced by means of writs of execution rather than by resort to the contempt power of the courts. See Hilao, 95 F.3d at 855. ___ _____ -9- 9 to the type of process available under state law." Gabovitch, 584 F.2d at 561. _________ This opinion does not condone Markarian's failure to pay his judgment debt, nor does it fail to appreciate Aetna's frustration. It simply holds that the legal predicate for issuance of the extraordinary writ of ne exeat ________ is lacking and so issuance of the writ was error. The order granting the writ is reversed and the ________ writ is vacated. No costs. _______ -10- 10