**BOARD OF COMMISSIONERS OF STARK COUNTY, OHIO, Plaintiff,**

v.

**CAPE STONE WORKS, INC., Stephen Lonsdale, Defendants.**

No. 01-10442-MLW.

United States District Court, D. Massachusetts.

June 3, 2002.

Edward Quinlan, David T. Keenan, Quinlan & Sadowski, Norwood, MA, for Board of Commissioners of Stark County, Ohio, plaintiff.

## *MEMORANDUM AND ORDER ON PLAINTIFF BOARD OF COMMISSIONERS OF STARK COUNTY, OHIO'S MOTION FOR REDELIVERY OF GOODS (#8, filed 4/12/02)*

COLLINGS, United States Magistrate Judge.

### I. The Facts

The Board of Commissioners of Stark County, Ohio ("the Board" or "the plaintiff") contracted with the defendants, Cape Stone Works, Inc., and Stephen Lonsdale (collectively, "Cape Stone" or "the defendants") to supply specifically cut stones to rebuild the clock tower of the Stark County courthouse in North Canton, Ohio. According to the contract, Cape Stone was to deliver 324 pieces of stone. Of the 324, 124 have been delivered; 200 have not. The stones are located on Cape Stone's premises in Harwichport, Massachusetts.

When Cape Stone failed to fulfill the terms of the contract, the Board sued the defendants in the United States District Court for the Southern District of Ohio. The Complaint (#19, Exh. A) contained claims for breach of contract, unjust enrichment and fraud and sought money damages in the amount of $232,847.00 and that the ". . . Court order specific performance of the parties' contract." *Id.* The defendants did not respond to the summons and were defaulted. A Judgment Entry Granting Default (#19, Exh. B) was

entered January 10, 2001. The Judgment provided, in pertinent part:

It is herein ORDERED, ADJUDGED and DECREED that judgment is hereby granted in favor of Plaintiff, Board of Commissioners of Stark County, Ohio against the Defendants, Cape Stone Works, Inc., and Stephen Lonsdale, on all counts of Plaintiff's complaint for breach of contract, unjust enrichment and fraud. Therefore, it is hereby an order of this Court that judgment is entered against Cape Stone Works, Inc. and Defendant Stephen Lonsdale, separately and individually, in the amount of $327, 148.54.

IT IS SO ORDERED.

The judgment was registered in the United States District Court for the District of Massachusetts on December 5, 2001. (#1) First Execution[s] (##2 & 3) were issued the same day and were served on December 6, 2001. The defendants did not pay over the amount of the executions. *Id.* On April 12, 2002, the Board filed a motion for a preliminary injunction to restrain the defendants from "altering, selling, disposing, dissipating and/or removing" the stone. (#6) On April 19, 2002, Judge Wolf denied the motion without prejudice and directed that the defendants be served and respond to the motion within seven days. Service was made on April 22, 2002. (## 12 & 13) The defendants have not responded in any manner.

On May 9, 2002, Judge Wolf referred the motion for a preliminary injunction to the undersigned for a Report and Recommendation. A Report and Recommendation was issued on May 10, 2002 recommending that a preliminary injunction be issued. Objections by the defendants to the Report and Recommendation were due within ten days (see 28 U.S.C. § 636(b)(1)(B)) but none were filed. The undersigned has been informed that Judge Wolf issued the injunction today pending completion of supplementary process.

On April 12, 2002, in addition to filing the motion for a preliminary injunction, the plaintiff filed the instant motion entitled Plaintiff['s] Motion for Redelivery of Goods (#8) together with a memorandum in support. (#9) The motion requests that the Court act pursuant to Fed.R.Civ.P. 69, Mass.Gen.L. c. 214, § 3 and Rule 65.2, Mass.R.Civ.P., and "... enter an order requiring [Cape Stone] to re-deliver the stone products currently in its possession, custody and control relative to the Stark County Courthouse ..." or, alternatively, "... to allow Plaintiff to take possession of said stone products." (#8)

The Court ordered the Board to brief the motion further, which has been done. The matter is now in a posture for resolution.

## II. Analysis

While it is true that the Ohio federal court complaint contained claims for breach of contract, unjust enrichment, and fraud and sought as a remedy, "[t]hat this Court order specific performance of the parties' contract," (#19, Exh. A), the plain fact is that the **judgment** did not contain any order to that effect. (#19, Exh. B) The judgment contains no equitable relief whatever, and, therefore, must be deemed to be "a judgment for the payment of money" which is governed by Rule 69(a), Fed.R.Civ.P., rather than a judgment which "directs a party ... to perform [ ] a specific act" which is governed by Rule 70, Fed.R.Civ.P.

Rule 69(a), Fed.R.Civ.P., provides, in pertinent part, that:

Process to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise.

Plaintiff's counsel takes the position that the clause "unless the court directs otherwise" permits the Court to grant equitable relief, including a "redelivery" of the goods. That is not the case. The First Circuit has held that:

> The "otherwise" clause is narrowly construed. See *Combs* [*v. Ryan's Coal Co.*], 785 F.2d [970] at 980 [(11 Cir.,1986)]. It does not authorize enforcement of a civil money judgment by methods other than a writ of execution, except where "well established principles [so] warrant." 13 J. Moore, Moore's Federal Practice ¶ 69.02, at 69–5 to –7 (3d ed. 1997); see also *Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir.1996).

*Aetna Casualty and Surety Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir.1997) (footnote omitted).

To the same effect is *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir.1983) (quoting 7 J. Moore and J. Lucas, Moore's Federal Practice ¶ 69.03[2] (2d ed. 1982)). See also *Gabovitch v. Lundy*, 584 F.2d 559, 560–1 (1st Cir.1978). "Ordinarily, the equitable remedies provided under Rule 70 are not appropriate in enforcing a money judgment." *Spain v. Mountanos*, 690 F.2d 742, 744–5 (9th Cir.1982).

When do "... established principles ... warrant" the use of other methods? One treatise suggests the situation in which "... execution is an inadequate remedy." 13 Moore's Federal Practice, § 69.02 (3d ed.). See *United States v. Gritz Brothers Partnership*, 868 F.Supp. 254, 256–7 (E.D.Wis.1994) citing *Robbins v. Labor Transportation Corp.*, 599 F.Supp. 705, 707 (N.D.Ill.1984). But this is not the law of the First Circuit. In the Aetna case, the First Circuit gave same examples of situations in which "established principles .. warrant" the use of other methods, writing:

One such situation is where an action for contempt has been instituted for failure to pay an obligation imposed by statute in order to enforce the public policies embodied in the statutory scheme. See, e.g., *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193–5, 69 S.Ct. 497, 500–01, 93 L.Ed. 599 (1949). Another is where there has been a congressional determination to provide the government with the ability to seek a writ of ne exeat in furtherance of enforcing a tax obligation. See, e.g., 26 U.S.C. § 7402(a). A third is where the judgment is against a state which refuses to appropriate funds through the normal process provided by state law. See, e.g., *Spain v. Mountanos*, 690 F.2d 742, 744–5 (9th Cir.1982); *Gary W. v. Louisiana*, 622 F.2d 804, 806 (5th Cir.1980). In contrast, the size of the award and the difficulties in enforcing the judgment due to the location of the assets and the uncooperativeness of the judgment debtor are not the types of extraordinary circumstances which warrant departure from the general rule that money judgments are enforced by means of writs of execution than by resort to the contempt power of the courts. See *Hilao*, 95 F.3d at 855.

*Aetna*, 114 F.3d at 349, n. 4.

It is thus clear that a writ of execution is the only means by which the plaintiff may enforce the money judgment. However, Rule 69(a), Fed.R.Civ.P., also provides that:

> The procedure on **execution, in proceedings supplementary to and in aid of execution,** shall be in accord with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought ...

Emphasis added.

Thus, if Massachusetts law provides that redelivery of goods is permissible "in aid

of execution," there would be a basis for ordering redelivery.

▮▮▮ The statute cited by the plaintiff, Mass.Gen.L. c. 214, § 3, does not provide such a basis for "redelivery" of goods in aid of execution of a money judgment. Mass.Gen.L. c. 214, § 3(1) provides a cause of action for "... the redelivery of goods or chattels **taken or detained from the owner**"; however, there is nothing to indicate that that remedy is available in aid of execution of a money judgment.[1] Similarly, Rule 65.2, Mass.R.Civ.P., provides a pre-judgment remedy for redelivery of goods pending a trial on the merits of a claim under Mass.Gen.L. c. 214, § 3, but there is nothing in Massachusetts law which would support the proposition that the remedy is available post-judgment "in aid of execution" of a money judgment.

Massachusetts law does provide a procedure pursuant to which supplementary process proceedings may be used to discover a debtor's assets and enter orders requiring that such assets be used to satisfy a judgment, including that goods be conveyed to the judgment creditor. See Mass.Gen.L. c. 224, § 14 et seq.; see also *Geehan v. Trawler Arlington, Inc.,* 371 Mass. 815, 817–18, 359 N.E.2d 1276, 1278

(1977) (supplementary process could issue against an insurance company which was not a party to obtain moneys to satisfy a money judgment against its insured for a liability without the necessity of the judgment creditor filing a separate action to reach and apply).[2] Section 14 of Mass. Gen.L. c. 224 provides a mechanism through which a creditor may require a debtor to appear in court and be questioned under oath about his assets. If he fails to appear after proper notice, the court may enter orders in his absence. See Mass.Gen.L. c. 224, § 15. If, after a full hearing, the Court finds the debtor has non-exempt property, "the court may order him ... to produce it ...; or may order the debtor to execute, acknowledge if necessary, and delivery[sic] to the judgment creditor ... a transfer, assignment, or conveyance thereof ..." Mass.Gen.L. c. 224, § 16. If the debtor does not redeem personal property within sixty days,

> it shall be sold forthwith at public auction, unless in the transfer, conveyance or assignment thereof it was otherwise provided, and the proceeds, after deducting the expenses of such care, custody and sale, shall be applied to the payment of said judgment and costs, and the excess, if any, remaining after such

---

1. In addition, the Court has grave doubts that an action pursuant to Mass.Gen.L. c. 214, § 3(1) is the appropriate means to obtain the property on the facts of this case. The cause of action provided in that statute is one of "equitable replevin." *Galdston v. McCarthy,* 302 Mass. 36, 18 N.E.2d 331 (1938). To bring such a claim, the plaintiff must be the "owner" of the goods or chattels. In the situation such as in the instant case in which goods purchased pursuant to a contract have been paid for but not delivered, the buyer is not at this time the owner of the goods. See Mass. Gen.L. c. 106, § 2–401(2)(b).

2. The Supreme Judicial Court in Geehan wrote that "The purpose [of Rule 69, Mass. R.Civ.P.] was to equip the court with all the traditional court of equity." *Geehan,* 371

Mass. at 817–8, 359 N.E.2d at 1278. This is made plain by the SJC's statement that:

> Federal courts have employed Rule 69 to enforce money judgments against assets not reachable by execution without insisting on a separate creditor's bill. *Green v. Benson,* 271 F.Supp. 90, 93 (E.D.Pa.1967). *Cf. Chambers v. Blickle Ford Sales, Inc.,* 313 F.2d 252, 256 (2d Cir.1963); *O'Keefe v. Landow,* 289 F.2d 465, 466 (2d Cir.1961). *Id.*

However, to the extent that it can be argued that the Supreme Judicial Court construes the "otherwise" clause of Rule 69, Mass.R.Civ.P., broader than Rule 69, Fed.R.Civ.P., this Court is bound by the federal rule as construed by the First Circuit in the Aetna case.

payments, shall be paid to the debtor; or the creditor may take said property at a valuation to be fixed by the debtor in the transfer, assignment or conveyance and apply such amount in payment as aforesaid.

Mass.Gen.L. c. 224, § 17(emphasis added). Thus, although the statute cited by the plaintiff does not provide it with the remedy it seeks, the provisions of Mass.Gen.L. c. 224 may.

In light of the foregoing, the Court will deny the motion for redelivery of goods as drafted.[3] If the plaintiff wishes to avail itself of the remedies afforded by Mass. Gen.L. c. 224, it shall file an application for supplementary process in the instant case (M.B.D. 01–10442) with a request that a summons issue. Upon receipt the Court will summon the defendants to appear before it to be examined under oath as to their ability to pay the judgment. If the defendants fail to appear, the Court will entertain requests from the plaintiff to issue orders, including orders pursuant to Mass.Gen.L. c. 224, § 15. If the defendants do appear, the Court will hold a full hearing and then entertain requests by the plaintiff for appropriate orders.

### III. Order

It is ORDERED that the Plaintiff Board of Commissioners of Stark County, Ohio's Motion for Redelivery of Goods (#8) be, and the same hereby is, DENIED without prejudice to invoking the supplementary process procedures of the Massachusetts statutes.

---

**3.** The Court cannot help but note that this matter could have been handled rather easily if the default judgment in Ohio had provided for all of the relief sought in the Complaint, particularly the prayer for relief in the form of specific performance of the contract. If the judgment had included an order that the defendants perform the contract to the extent of requiring delivery of the completed stone to the plaintiff, Rule 70, Fed.R.Civ.P., would have provided a legally uncomplicated way for the plaintiff to obtain the relief it seeks.